MELVILLE DORSEY v. RALEIGH & GASTON RAILROAD
COMPANY.

*Appeal Bond.*

An appeal bond made payable to the state is void. The state will
not become a trustee for a citizen in the pursuit of his personal
rights, except in cases specially provided by law—as guardian
bonds, &c.

(*Office* v. *Huffsteller*, 67 N. C., 449; *State, &c.,* v. *Shirley*, 1 Ired., 597,
cited and approved.)

CIVIL ACTION, commenced befose a justice of the peace,
and tried on appeal at June Term, 1883, of VANCE Superior
Court, before *Gilmer, J.*

Upon call of the case in this court the defendant moved to
dismiss the appeal.

*Messrs. Young & Henry,* for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendant.

SMITH, C. J.    The defendant moves to dismiss the appeal
on the ground that the appellant's undertaking does not
conform to the requirements of the statute, and is ineffectual
as a security for his costs. It is in form a penal bond, drawn
payable to the state with condition, which, after reciting
the rendering of judgment and the intended appeal for
which it is given, proceeds in these words:

"Now therefore, if the said judgment or any part thereof
shall be affirmed, or this appeal shall be dismissed, then
and in that case, this obligation to be in full force and
effect, and the above bounded, Melville Dorsey and R. E.
Young, to pay all costs that may be awarded against this
appellant on such appeal, and all damages which the court

may award against him; otherwise this obligation to be null and void."

The objections to the instrument are, that being executed to the state, it cannot be enforced as a security for the appellee, and that the condition is unreasonable and void in declaring the obligation void in the contingency of the defendant's being adjudged his costs and the plaintiff's failure to pay them.

We should not hesitate to hold that the inconsistency of the concluding clause, with the other provisions contained in the condition, does not vitiate and annul the obligation, and may be discarded as repugnant to the general scope and clearly expressed purpose of the bond to provide for the costs of the appellee, if the motion was based upon this defect alone.

It is laid down in Hurl. on Bonds, 31, (9 Law Libr.) as a principle of construction, that where the condition of a bond was, if the obligor did not pay, where the negative was improperly inserted, a certain sum to the obligee, then the obligation to be void, the repugnant part will be rejected and effect be given to the obligation according to the manifest intent of the parties.

The author's citations fully support his proposition. *Wills* v. *Wright*, 2 Mod., 285; *Wells Tregusan*, 2 Salk., 463.

But the other objection to the bond is fatal to its validity. Had no person been named in the undertaking to whom it was payable, and the instrument been without seal, it would have been sufficient under the ruling in the case of the *Clerk's Office* v. *Huffsteller*, 67 N. C., 449, a conclusion arrived at not without much hesitancy as shown in the opinion of the court.

But the state does not permit itself in its sovereign capacity to become a trustee for its citizens in the pursuit of their personal rights, except in cases specially provided for by law, and when it has delegated the power to agents to

take securities in its own name, as in the case of guardian bonds and the like.

Nor can such a bond be upheld as good at common law, since this would be only when the bond is beneficial to the state in its corporate capacity. *State, &c.*, v. *Shirley*, 1 Ired., 597.

We are unable to sustain the instrument by rejecting the words by which the obligation to the state is incurred, even if without them the residue would be a substantial compliance with the act, for this is the substance of the contract, while the other is the avoidance, and no construction is admissible which substitutes an obligee in the place of the one with whom, in form, the parties who execute the bond undertake to contract.

The motion must be sustained and the appeal dismissed, and it is so ordered.

Appeal dismissed.