[No. 12161.   In Bank. — June 24, 1887.]

## JULIA HERRLICH, RESPONDENT, *v.* MAGGIE McDONALD, APPELLANT.

APPEAL — DISMISSAL — ERRORS IN TRANSCRIPT — CERTIFICATE OF CLERK. — Where the transcript on appeal is certified to by the clerk of the court below as correct, the mere statement of the counsel for the respondent that errors exist therein will not establish the fact or warrant a dismissal of the appeal.

ID. — PAPERS USED ON MOTION — FAILURE TO IDENTIFY. — The fact that papers printed in the transcript are not identified as having been used on the motion on which the order appealed from was made will not justify a dismissal of the appeal.

ID. — UNDERTAKING ON APPEAL — MISTAKE IN INDORSEMENT. — An undertaking on appeal, if otherwise in due form of law, is not rendered ineffectual by a mistaken indorsement of the title of the case in which it is given.

ID. — NOTICE OF APPEAL — MISTAKE IN TITLE. — Where a notice of appeal otherwise clearly identifies the order appealed from, and is properly served on the attorney for the respondent, and filed in the action to which it was intended to apply, a mistake in its title is immaterial.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to recall an execution.

Motion to dismiss appeal.   The facts are stated in the opinion of the court.

*W. B. Tyler,* and *Whittemore & Sears,* for Appellant.

*Charles F. Hanlon,* for Respondent.

McKINSTRY, J.—The order of the Superior Court appealed from was made and entered February 18, 1887. Notice of appeal was filed and served April 14, and the undertaking filed April 18, 1887.   A transcript on appeal, duly certified, was delivered by the clerk below to the appellant on the twenty-fifth day of May, served on respondent on the same day, and filed in this court on the 26th of May, 1887, within forty days after the appeal was perfected.

Respondent moved to dismiss the appeal on the ground, amongst others, that the transcript was *not* filed within the *forty* days. On the day of the service on him of the paper purporting to be a copy of the transcript, the attorney for respondent notified appellant that he refused to certify to the transcript as correct, in his notice pointing out certain alleged errors and mistranscriptions of the record or papers on file. But conceding there is any law or rule which requires the appellant to serve on the adverse party a copy of the transcript to be filed, it has not been made to appear to us, either by additional certificate of the clerk below or otherwise, that the alleged errors or mistranscriptions exist (unless it be in the *notice of appeal*).

Doubtless the respondent is entitled to have filed here, at the expense primarily of the appellant, a correct transcript of the record below. But it is not our province now to indicate how it can be obtained, proved, and substituted for the transcript actually filed if the latter is incorrect. As against the certificate of the clerk, the mere statement of counsel that errors exist does not establish the fact.

From an examination of the transcript, it would seem that some of the papers printed in it are in no manner identified as having been used on the motion. But if the consequence of such omission shall be that the court here will refuse to look at such papers when the appeal is heard on the merits, the want of identification of some of the papers will not justify a dismissal of the appeal. Moreover, the absence of such identification is not urged by counsel for respondent as a reason for dismissing the appeal.

Respondent further contends,—1. That no appeal has been taken; 2. That no notice of appeal was filed or served.

In the certificate attached to the transcript on file, the clerk certifies that an undertaking on appeal in due form

of law was properly filed. In the additional certificate, on which the motion to dismiss is based, he certifies that the undertaking filed was indorsed "Julie Herrlich *v.* H. M. McDonald." The undertaking, if in due form of law (and no other objection has been made to it), was not rendered ineffective by a mistaken indorsement.

The copy of the notice of appeal, as printed in the transcript, is headed "Title of court and cause." The certificate of the clerk, presented on hearing of the motion to dismiss, shows that the notice of appeal filed below was entitled "Julia Herrlich *v.* H. M. McDonald." But the notice was signed by the "attorney for the defendant," the subscriber being the attorney for the defendant in the action of Julia Herrlich *v.* Maggie McDonald. It was filed in the court in which that action had been pending, and was served on the attorney for the plaintiff therein, who acknowledged service, "reserving all objections." The notice refers to an order made February 18, 1887, refusing to recall an execution, etc. The transcript contains a copy of an order entered on the day last named in the action, Julia Herrlich *v.* Maggie McDonald, denying the motion of defendant, counsel for plaintiff herein being present, to vacate and set aside an execution.

The reckless inexactitude displayed in the preparation of the papers connected with this appeal is not to be commended. We cannot say, however, but that the notice described the order in such manner as clearly to identify it, and so to inform the respondent of the particular order appealed from.

Motion to dismiss the appeal denied, without prejudice.

SEARLS, C. J., SHARPSTEIN, J., McFARLAND, J., TEMPLE, J., PATERSON, J., and THORNTON, J., concurred.