## LEGGAT, RESPONDENT, *v.* LEGGAT, APPELLANT.

[Argued February 17, 1893. Decided, May 15, 1893.]

JURORS—*Challenge.*—In an equity case where the findings of the jury are advisory, error, if any, in not sustaining a challenge to a juror, is immaterial where the findings were adopted and are not attacked on appeal.

LIS PENDENS—*Notice of, when admissible.*—A notice of *lis pendens* filed on the commencement of an action to compel the reconveyance of land is admissible on the trial for the purpose of framing a decree should the plaintiff prevail.

FRAUD IN PROCURING CONVEYANCE OF LAND—*Evidence.*—In an action to compel a reconveyance of land, alleged to have been procured through fraud, testimony to the effect that defendant, who was the attorney in fact of plaintiff and in a fiduciary relation to her, could have realized more for her land by selling the lots separately than by selling them all together, is admissible, particularly where it was conceded that the price paid by defendant was not a fair or just price.

SAME—*Evidence.*—In such action evidence tending to show the value of the land at the time of the trial, which was three years after the conveyance to defendant, was properly excluded.

SAME—*Evidence*.—In such action, testimony as to the value of the land several years before the transaction between plaintiff and defendant, and that it had not depreciated is admissible upon the question of the value of the land at the time of such transaction.

SAME—*Accounting for Profits—Evidence*.—In such action, where an accounting for profits is sought, the considerations named in certain deeds made by the defendant after obtaining the property may be properly read in evidence, for, while the price named in a deed is not conclusive, it is at least *prima facie* evidence tending to show what the consideration was.

SAME—*Testimony in Rebuttal—Discretion*.—Where a certain portion of the premises had been mentioned by defendant, it was a matter of discretion with the trial court to permit plaintiff to show the value of such premises in rebuttal, and, where no injury results the action of the court will not be held error.

*Appeal from Second Judicial District, Silver Bow County.*

Action to compel reconveyance of land and for an accounting for profits. The cause was tried before McHATTON, J. Plaintiff had judgment below. Affirmed.

Statement of facts, prepared by the judge delivering the opinion.

This action was brought by plaintiff to compel the reconveyance of real estate from defendant to her, alleged to have been obtained from plaintiff by fraud, also for an accounting for profits realized by defendant in sales of portions of the premises. The plaintiff alleges in her complaint that she is a resident of the state of Missouri; that prior to March 19, 1888, she was the owner of an undivided one-third of the Leggat & Foster addition to the city of Butte, Silver Bow county, Mont.; that on December 15, 1887, she executed to defendant her power of attorney, constituting defendant her attorney to manage and sell plaintiff's property in Silver Bow county, Montana; that defendant accepted said trust, and acted as her attorney until her revocation of that power December 27, 1888; that defendant is the brother-in-law of the plaintiff—brother of her deceased husband—and that she placed confidence in his friendship, integrity, and honor; that on March 19, 1888, the defendant fraudulently procured from plaintiff a deed of said one-third of the Leggat & Foster addition. The complaint sets up in detail the acts which plaintiff claims were fraudulent. Among those acts it is alleged that defendant telegraphed to James G. Butler, of St. Louis, who is a friend of the plaintiff, as follows: "Will Frank [meaning plaintiff]

take two thousand dollars for his [meaning her] interest in the Leggat & Foster addition? [Signed] R. D. Leggat." Plaintiff caused an answer to be telegraphed: "Yes, if you advise it; otherwise, no." This was on the 6th and 7th of March, 1888. The consideration is alleged to be grossly inadequate. It is alleged that about this time the defendant, being attorney in fact of plaintiff, was offered by another person $3,000 for her said one-third of the property. It is also alleged that just about the same time another one-third was actually sold for $3,000, and that defendant knew this fact, and did not communicate it to plaintiff; also that defendant knew the value of the property, and concealed the same from plaintiff; that by reason of defendant's false representations and advice, which plaintiff believed and relied upon, and on account of the concealment of facts, plaintiff executed and delivered to defendant a deed of the one-third interest for $2,000. It is further alleged that since defendant received the deed he has received as his share from the sale of lots the sum of $2,390, and that many more lots remain unsold.

Plaintiff tendered—and made good in court her tender—the original consideration, with interest and the cost of making a deed. She alleges that the one-third value of the lots remaining unsold is five or six thousand dollars. She demands a reconveyance and an accounting. An answer was filed, which denied all the alleged equities of plaintiff. The case was tried by the court, with a jury. No special verdict was found, but elaborate special findings were made by the jury. In view of the alleged errors which are to be considered in deciding the case, it is unnecessary to recite these findings. It is sufficient to note that the jury fully and completely found facts for the plaintiff sufficient to entitle her to a judgment. Neither the sufficiency of the findings, nor the evidence to support them, is now attacked. The court, upon motion, adopted the findings of the jury, and rendered judgment. A notice of *lis pendens* had been filed at the commencement of the action. The judgment of the court protects *bona fide* purchasers from the defendant during the period between the giving of the deed by plaintiff to defendant and the filing of the notice of *lis pendens*. The judgment then requires a reconveyance to plaintiff of the

lots remaining unsold. It also takes into account the amount
of money tendered by plaintiff to defendant, and renders judg-
ment against defendant for the further sum of $1,400 over and
above the amount of the tender; that is, plaintiff was allowed
to withdraw her tender, and take judgment for $1,400, the
sum of those two amounts being what was found due on the
account. The defendant moved for a new trial, which was
denied, and from that order, and the judgment, he appeals.
There were no specifications that the findings were not sup-
ported by the evidence, and counsel for appellant, upon the
argument, concedes that no attack is made upon the findings.
The appeal is made solely upon alleged errors of law, which
are set forth as they are discussed in the opinion below.

*Robinson & Stapleton,* for Appellant.

*Wm. Scallon,* for Respondent.

De Witt, J. The appellant contends that his challenge
for cause to juror Heilig should have been sustained. But, if
this were error, it is not now material, because the findings
were advisory, and were adopted by the court, and are not now
attacked.

Appellant claims that it was error to allow the introduction
in evidence of the notice of *lis pendens* filed by plaintiff. The
notice was objected to as immaterial and irrelevant. But we
are of opinion that, as counsel said when offering the notice, it
was material for the purpose of framing the decree if judgment
should, as it did, go for plaintiff. There were many lots sold
by defendant between the date of the deed by plaintiff to him
and the date of the commencement of this action.

The appellant also contends that the court erred in allowing
witness Cobban to testify that more could have been realized
by selling the lots separately than by selling them altogether.
But the defendant was the attorney in fact of plaintiff, and was
in a fiduciary relation to her. He was under a duty to do the
best he could for plaintiff. The testimony of Cobban simply
tended to the effect that the trustee could have done better
than he did for his *cestui que trust.* We are opinion that there
was no error in admitting this testimony. This evidence was
pointed at the value of the property. Even if such admission

should be considered error, it would not be error upon which the case could be reversed, for it is conceded, by virtue of the facts, that appellant does not attack the findings that the property was of a greater value than that paid by appellant to respondent, and that the price that he paid was not a fair and just price.

The appellant claims that it was error to exclude the following question asked by him of witness Cobban: "Is it a fact that no money can be borrowed on any of the property in the Leggat and Foster addition outside of what is in the Belmont? That the banks won't loan a dollar on it, and men won't loan money on it, for the reason that the title is in conflict"? This case was tried on the 10th of July 1891. The defendant received his deed from plaintiff March 19, 1888. Therefore the question before the court was not the salable value of the property at the time of the trial, some two years after the time the defendant obtained the deed of the property. It is observed that the question excluded was as to the value of the property at the time of the trial, and that evidence was properly excluded.

It was also objected that the testimony of J. H. Harper was improper, in that he testified as to the purchase of lots in the Leggat and Foster addition in 1881, and the value of the lots. But the witness also testified that there had been no depreciation in the value since 1881. His testimony was therefore to the effect that the value at the time of the transaction between plaintiff and defendant was at least as great as it was in 1881.

Charles F. Booth, county clerk and recorder, was a witness. He was testifying from the county records as to the deeds made by defendant for lots which he had sold after he had acquired the title, in March, 1888. As the witness testified from the records as to these lots by their description and dates, he also mentioned the considerations named in the deeds. The defendant objected to the prices of the lots being given, in that the prices mentioned in the deeds were not the measure of damages. It is quite true that the considerations named in the deeds are not at all conclusive. But such consideration was a statement over the signature of defendant, and, we are of opinion, was at least *prima facie* evidence, with some slight

tendency to show what was the consideration. Whatever *prima facie* tendency there was in this testimony could easily have been rebutted if the facts were otherwise.

Charles S. Warren was a witness. In rebuttal he was testifying in regard to some lots in the addition which had been sold to Sargeant. It was not objected that this testimony was incompetent, but that it was not proper to be given in rebuttal. But the Sargeant sale had been mentioned by defendant, and we are of opinion that the matter of allowing plaintiff in rebuttal to introduce what Warren said as to the value of the premises was a matter of discretion with the lower court, and no injury suggests itself as resulting from the action of the court.

The foregoing are the alleged errors which appellant has presented for our consideration. We are of opinion that none of these points are well taken, and that the judgment must therefore be affirmed.

*Affirmed.*

Pemberton, C. J., and Harwood, J., concur.