ZICKLER, RESPONDENT, *v.* DEEGAN ET AL., APPELLANTS.

[Submitted May 7, 1895.   Decided May 13, 1895.]

NEW TRIAL—*Specifications of error.*—On motion for a new trial, in a case where the record is very voluminous, a specification of error which makes no pretense of pointing out, in any way, wherein the evidence was insufficient to establish the breach of a certain condition of the contract, but merely states that "the evidence clearly shows" that such condition had been performed, is inexcusably insufficient, and the court is justified in ignoring such specification.    (*Thorp* v. *Freed*, 1 Mont. 651;   *First National Bank* v. *Roberts*, 9 Mont. 323. cited.)

SAME—*Same.*—It was charged by the plaintiff in the action, that the defendants had carried away and secreted ores and had disposed of ores belonging to the plaintiff, and the verdict of the jury in this respect was for the plaintiff.    In order to show that this action of the jury was against the evidence, the defendants, on motion for a new trial, specified as error, that the ores alleged to have been carried away were "replevied by plaintiff and by him converted to his own use and kept from the possession of the defendants," and "that the only ores disposed of by the defendants, and the moneys received therefor, have been fully accounted for to plaintiff."    *Held,* that these specifications were properly ignored, for, if true, the conversion of the ores was practically conceded.

SAME—*Same.*—It was charged by the plaintiff that the defendants, while operating the

plaintiff's mine under a lease, had attempted to relocate the mine for their own bene-
fit, and the jury so found for the plaintiff. On motion for a new trial, the defendants'
specification of error was, "that defendants' partial acts of location, complained of
by plaintiff, were performed for his benefit, and for the purpose of protecting their
leasehold rights, and were not performed for the purpose of setting up in themselves
a title adverse to plaintiff's title, if any title he had. *Held*, that this specification was
properly ignored, as it made no pretense of pointing out the insufficiency of the evi-
dence to sustain the finding of the jury.

SAME – *Pleading—Acquiescence.*—In an action against the defendant as lessee of a mine
for failure to account for the profits thereof to the plaintiff, the claim of the defend-
ant that the plaintiff acquiesced in the former's method of accounting cannot be
urged as ground for a new trial, where no facts were pleaded showing any such ac-
quiescence, so as to constitute a waiver.

EQUITY ACTION –*Competency of juror—non-prejudicial error.*—In an action for equitable
relief, the findings of the jury are advisory merely, and the erroneous refusal of a
challenge to a juror, who participated in the findings, is no ground for reversal,
where such findings were not attacked at all, or, if so, by insufficient specifications
of error. (*Leggatt* v. *Leggatt*, 13 Mont. 130, cited.)

*Appeal from Fifth Judicial District, Jefferson County.*

ACTION to quiet title to mining premises. The cause was
tried before SHOWERS, J. The plaintiff had judgment below.
Affirmed.

*Ella L. Knowles*, for Appellants.

*T. J. Walsh*, and *C. B. Nolan*, for Respondent.

DE WITT, J.—The defendants appeal from a judgment
rendered in favor of plaintiff, and from an order denying de-
fendants' motion for a new trial.

The plaintiff and defendants had entered into a contract in
reference to certain mining premises, which contract was, in
part, in the nature of a lease from plaintiff to defendants. But
in other respects the contract was more than a lease, and in
some of its provisions borders closely upon a partnership
agreement for the working of the mine. The complaint in the
action pleads the contract in full. By that pleading it appears
that the defendants had done acts which they had agreed not
to do, and had left undone many acts which they had agreed to
perform. Defendants were in possession of the premises as
lessees of plaintiff, so far as the contract was a lease, but it
was set up in the complaint that defendants were claiming the

title to the premises by virtue of a relocation of the same in their own names.

The plaintiff brought this action to quiet his title in and to the mining premises, against all claim of defendants, and for an injunction restraining the defendants from in any manner interfering with the plaintiff's possession of the premises, and from mining or working the same, or extracting ores therefrom, or from removing or disposing of any ore extracted, and for such other and further relief as to the court may seem just. He also asks that possession be delivered to him. Plaintiff alleges breaches of the conditions of the contract in many respects; one of which was that defendant Deegan, who was manager and superintendent, had failed to account to the plaintiff and Thomas Moran, the other defendant, each month, in accordance with the terms of the contract. The contract particularly set forth the time when and the manner in which the accountings should be made.

On motion for new trial the defendants made the following specifications of error: "The evidence clearly shows that the defendant Ross Deegan accounted to the plaintiff and defendant Thomas Moran each month in accordance with the terms of said lease." This court has not, of late, often criticised specifications, and has been decidedly lenient in entertaining appeals where the specifications were perhaps not wholly what they should be. But this specification above quoted is inexcusably insufficient. (*Thorp* v. *Freed*, 1 Mont. 651; *First National Bank* v. *Roberts*, 9 Mont. 323.) There are over 300 pages of record in this case, and this specification makes no pretense of pointing out, in any way, wherein the evidence is insufficient. The specification is little more than a repetition of the statement of a ground for a motion for a new trial, as required to be set out in the notice of the motion. The district court was justified in ignoring this specification.

Another matter set up in the complaint was that the defendants took and carried away and secreted about $5,000 worth of ore, when the contract provided that all ore should be accounted for. As to this matter defendants specify insufficiency

of the evidence, as follows : "The evidence clearly shows that the identical ores claimed by plaintiff to be of the value of about $5,000, and to have been taken by defendants with the intent to fraudulently defraud plaintiff of his interest therein, were replevied by plaintiff in a suit in the district court of the First judicial district, and have by him been converted to his own use, and kept from the possession of the defendants' herein." This specification is remarkable. The defendants being charged with misappropriating $5,000 worth of ore, they say that the evidence did not sustain the charge of the plaintiff in this respect, for the reason that the $5,000 worth of ore claimed to be appropriated by defendants was not appropriated, because the plaintiff, in order to prevent a final conversion by defendants, took and obtained the ore by the legal adjudication of a court. It is a matter of course that the district court was justified in ignoring such a specification.

It was also charged by plaintiff that ores had been disposed of by defendants. In order to show that the verdict of the jury in this respect was against the evidence, the defendants specify as follows : "That the only ores disposed of by the defendants, and the moneys received therefor, have been fully accounted for to plaintiff." This is the same sort of an insufficient specification as the first. One provision of the contract was that, if defendants made any discoveries of ore, they should not locate said discoveries for themselves, but that, if they were located, it should be in the name and for the benefit of the plaintiff. One of the charges made by the complaint was that the defendants had located, or attempted to locate, the premises in their own name, in order to deprive plaintiff of his title therein. It was claimed by plaintiff that the defendants, in the language of miners, jumped the plaintiff's claim while they (defendants) were in possession for the plaintiff. What the result of such an attempt would or could be we need not determine, but need notice only the findings of the jury, and the specification of insufficiency of the evidence in this respect. Upon this question the jury made the following findings :

"(1) Did the defendants, at the time they posted the notice of location, and marked the boundaries of the Freiburg Mine, intend to secure title to said ground for themselves? Answer. Yes.

(2) Did the defendants, at the time they posted the notice of location, and marked the boundaries of the Freiburg Mine, intend to convey to plaintiff such rights as might arise from such posting of notice and marking of boundaries? Answer, No.'' The defendents' specification of error upon this point is as follows: ''That defendants' partial acts of location, complained of by plaintiff, were performed for his benefit, and for the purpose of protecting their leasehold rights, and were not performed for the purpose of setting up in themselves a title adverse to plaintiff's title, if any title he had.'' This specification is simply a very brief syllabus of that issue, as set up in the pleadings. One question for decision was whether the defendants attempted to relocate the mine for their own benefit, or for that of the plaintiff. The jury found against the defendants in this question. Their specification makes no pretense of pointing out wherein the evidence was insufficient to sustain this finding. The two findings which we have recited above are the only special findings. There is also a general verdict in favor of the plaintiff, and that he is entitled to the possession of the premises.

It is also specified that the verdict is against the law, because the plaintiff acquiesced in Deegan's method of accounting, as defendants call it, or failure to account, as plaintiff claims it was. But there was no pleading of any such acquiescence, so as to constitute a waiver, as the defendants claim.

There is a long list of assignments of alleged errors of law, many of which were as to matters of discretion in the district court, most of which are frivolous, and most of which are not discussed by appellants' counsel at all, and none of which are of such a substantial character as to reverse the judgment and order.

There is one matter, however, to which we must give atten-

tion.   This is the alleged waiver of one of defendants' per-
emptory challenges.    It is argued by respondent that the ques-
tion is not properly raised by the record.    We will pass that
question of practice, however, and notice the alleged error.
The record shows the following :   "During the selection of
the jury, counsel for defendants states :    'We waive our sec-
ond challenge.'    Whereupon counsel for plaintiff peremptorily
challenges one of the jurors then in the box.    The court then
gives counsel for defendants the privilege of exercising his
third challenge against the last juror that entered the box.
Counsel for defendants peremptorily challenges Lees Taylor, a
juror in the box at the time defendants waived their second
challenge, which challenge is overruled by the court, and to
which ruling of the court counsel for defendants hereupon duly
except.''

This seems to be an equity action, or an action for the equi-
table relief for quieting the title of plaintiff, and enjoining the
defendants in the respects as set forth in the opening portion
of this opinion, and for such other and further relief as to the
court may seem just.    The plaintiff was in the possession of
the premises by his tenants, the defendants (section 366, Code
Civil Procedure), so far as the defendants may be considered
tenants; or, so far as the contract was in the nature of a
partnership, plaintiff and defendants were each in possession.
If one were required to strictly classify this action under the
old forms, possibly some difficulties might be encountered.   In-
deed, there are some peculiar features in the case.    But they
are not raised by the record.    In any event, it is true that the
case has been treated by counsel and the district court as one
for equitable relief.    Certainly equitable relief was demanded,
and was granted, and was the main, if not the only, object of
the action.    As the equitable character of the action has never
been questioned, and seems at all times to be conceded, we feel
justified in adopting that view.    The question, then, is pre-
sented whether, in an action for equitable relief, the findings
of the jury being advisory, there was prejudicial error in re-
fusing to allow the defendants to peremptorily challenge juror

Taylor, as set forth in the extract from the record above quoted.

In the case of *Leggatt* v. *Leggatt*, 13 Mont. 190, we said : "The appellant contends that his challenge for cause to juror Heilig should have been sustained. But, if this were error, it is not now material, because the findings were advisory, and were adopted by the court, and are now attacked." The case at bar, in this respect, is precisely like the Leggatt case, with the slight difference that in the Leggatt case the findings were not attempted to be attacked. Here, as in the Leggatt case, the findings were adopted, and judgment entered thereupon. Also in this case the findings are not attacked,—that is, not attacked in any manner by which this court can notice the objections thereto,—for the reason that error is not specified so that it can be considered. Therefore the findings are the facts of the case. Therefore, if the findings are the facts, not impeached in the method provided by law, there can be no prejudicial error in the refusal of a challenge to a juror who participates in the findings which are now the unquestioned facts of the case; for, suppose it were held that the refusal of the challenge to juror Taylor was error, still, how can the appellants be injured, when it is conceded that the findings of the jury, adopted by the court, are, in the absence of assignment of error, the facts of the case ?

We find no reason for disturbing the judgment or the order appealed from, and the same are affirmed.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J., concur.