KING, RESPONDENT, *v.* LINCOLN, APPELLANT.

(No. 1,365.)

(Submitted November 12, 1901.   Decided December 9, 1901.)

*Appeal—New Trial—Statement—Insufficiency of Evidence to Justify Verdict—Account Stated—Jury—Bound by Charge.*

1. Where the only specification in the statement for a new trial is that the evidence is insufficient to support the verdict "in finding for the plaintiff in the sum of $95.70, with interest," and that the "verdict is contrary to the evidence," there is a failure to comply with the requirement of Code of Civil Procedure, Sec. 1173, that when the motion is for insufficiency of evidence the statement shall specify the particulars in which such evidence is alleged to be insufficient.
2. An appellant cannot complain of an error, in an instruction, which is in his favor.
3. A jury is bound by the law given by the court, whether correct or not,— except, possibly, in prosecutions for libel.
4. Evidence reviewed, and *held,* that a finding by the jury, that there was an account stated, was contrary to the law as given by the court, and that the court should therefore have granted a new trial, even though it became satisfied that its instruction was wrong.

*Appeal from District Court, Fergus County; Dudley Du Bose, Judge.*

ACTION by Joseph King against Alvin Lincoln. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

*Mr. Wm. M. Blackford* and *Mr. F. E. Stranahan,* for Appellant.

· MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action upon an account stated. The complaint alleges that on September 29, 1897, at the city of Chicago, Ill., an account was stated between the plaintiff and the defendant, and that there was found due from defendant to plaintiff a balance of $95.70, no part of which has been paid. Judgment is demanded for this sum, with interest from the date of settlement.

The defendant makes specific denial of all these averments, except his failure to pay the alleged balance, and then avers affirmatively that in August, 1897, he and plaintiff entered into an agreement whereby they associated themselves together for the purpose of rounding up cattle owned by them, respectively, then running upon the Judith range, in Fergus county, Mont., in order to ship them to market at Chicago, Ill.; that by the terms of the agreement they were to charge $2 per head for all stray cattle collected and shipped; that the fund thus collected should be applied to the payment of the expenses of the round-up, so far as it would pay them; that any balance left over should be paid by the plaintiff and defendants in amounts proportioned to the number of cattle shipped by each; that the round-up and shipment were completed, and the cattle sold in Chicago on or about September 29, 1897; and that on or about that date the plaintiff and the defendant came together to settle their accounts, but that no agreement was reached or balance found, for the reason that plaintiff refused to give defendant credit for certain receipts for strays collected and for calves branded during the round-up. Demand is then made for an accounting and for judgment for any balance found due the defendant.

The plaintiff in his reply admits that the contract was made as alleged by the defendant, except that, in recognition of a cus-

tom prevailing in that portion of the country, by express terms it was stipulated that no charge should be made for strays collected which belonged to persons engaged in neighboring round-ups. He then alleges that the settlement was made and the balance found in accordance with the agreement, as stated, and that the defendant, assenting to its correctness, promised to pay it. Upon a trial the plaintiff recovered a verdict for the amount claimed, with interest, and judgment was entered accordingly. The defendant has appealed from the judgment and an order denying a new trial.

1. It is contended that the evidence is insufficient to justify the verdict. We cannot examine the evidence to determine whether this contention is well founded, for the reason that the statement used in support of the motion for a new trial fails to specify the particulars wherein the evidence is insufficient. The only specification found in the statement is the following: "The evidence is insufficient to support the verdict of the jury in finding for the plaintiff in the sum of ninety-five and 70-100 dollars, with interest. Said verdict is contrary to the evidence." This statement is pregnant with the admission that a verdict for any other amount less than that actually rendered would have been proper, and that it is contrary to the evidence because it was not for a less amount. As an attempt to point out any particular in which the evidence failed, or the absence of any material fact, to warrant the jury in finding as they did, as is contemplated by the statute (Code of Civil Procedure, Sec. 1173), it is inexcusably insufficient (*Zickler* v. *Deegan,* 16 Mont. 198, 40 Pac. 410; Hayne, New Trial & App. Sec. 150), and the trial court was justified in ignoring it. It amounts to no more than a repetition of the ground for a new trial required to be stated in the notice of intention.

2. The next error alleged is that the verdict is contrary to law, in that, under the definition given by the court in its instructions of the expression "account stated," the jury could not from the evidence have found for the plaintiff. In this connection the jury were instructed: "An account stated is

a document or writing which exhibits the state of account between parties, and the balance owing from one to the other, and when assented to, either expressly or impliedly, it becomes a new contract. An action upon it is not founded upon the original items, but upon the balance agreed to by the parties. And the general rule is that, when the stated account is admitted, it can be avoided only by averment, and proof of fraud, mistake, etc. But the account, in order to constitute a contract, should appear to be something more than a mere memorandum. It should show upon its face that it was intended to be a final settlement up to date; and this should be expressed with clearness and certainty." This paragraph of the charge is quoted substantially from the opinion in *Coffee* v. *Williams,* 103 Cal. 550, 37 Pac. 504. Whether it embodies a correct statement of the law we may not upon this appeal undertake to determine, for the reason that the appellant did not on the motion for a new trial in the court below, nor does he now, question its correctness. Furthermore, even if it be conceded that it is erroneous in requiring in proof of the account stated a writing,—more than a mere memorandum,—showing upon its face that it was intended to be a final settlement up to date, this would be an error in appellant's favor, and he would be in no position to complain; for from this point of view it cast a greater burden upon the plaintiff than he should have been required to sustain. For the determination of the question presented by the assignment, however, it is a matter of no moment whether it is a correct statement of law or not. As a declaration by the court of the law in this case, the jury were bound to accept it as authoritative, and to apply it to the facts submitted in evidence. They were not at liberty to disregard it, and find a verdict according to their own notions of what the law is. Their province was to find the facts. The province of the court was to declare the law. A verdict found in disregard of the authoritative declaration of the court, made for their guidance, cannot be permitted to stand, whether the law thus declared be right or wrong. These appropriate and dis-

tinct functions of the court and jury were discussed and defined by this court in *Murray* v. *Heinze*, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714, and, after an examination of the adjudged cases upon the subject, it was held that, where it is apparent that the jury have disregarded the instructions given, a new trial should be granted without regard to whether the instructions are correct in point of law. Though there is a conflict of authority upon this subject, the rule as stated in the case cited we believe to be based upon better reason. To say that it is not error for the jury to disregard the authority of the court, and to find according to their notions of the law, is to say that they are the judges of the law as well as the facts,—a doctrine never recognized in this jurisdiction, except, possibly, in prosecutions for libel, which are regulated by express constitutional provision (Constitution, Art. III, Sec. 10).

Upon looking into the evidence, it is apparent that the jury found that there was an account stated between the parties as claimed by the plaintiff, and that the balance ascertained was the amount found by the verdict. At the time of the alleged settlement there were present the plaintiff, the defendant, and one Shipman, who acted as clerk for them. The plaintiff had paid almost all the expenses of the round-up, and had collected all the stray fees. The three sat around a table. The plaintiff had with him three receipted bills, with check stubs to show the amounts paid out by him. He called off these items, and they were summed up by Shipman on a piece of paper. The defendant called off some items of expense paid by him. The plaintiff then stated from a memorandum the number of strays collected and shipped, and from this was found the amount realized toward the total expenses. Then a balance was struck, and it was found that the defendant was indebted to the plaintiff to the amount of $95.70. Neither of the parties had any books or formal accounts kept by themselves, nor was a formal account made out by Shipman. The amount due, as he says, was what they were after. When the balance was announced by Shipman, the plaintiff pushed all the papers across the table

toward the defendant, who did not examine them, but pushed them aside, expressing himself as satisfied. He thereupon called for a blank check, but before filling it out he and plaintiff began to discuss the disposition by plaintiff of money collected by him for branding calves during the round-up. The defendant claimed that he was entitled to half of this, which the plaintiff disputed. Thereupon they began to quarrel. Finally the defendant left, followed soon after by Shipman and plaintiff. All the papers and memoranda were left lying upon the table. This is the substance of the proof offered by the plaintiff. The defendant's evidence tended to show an attempt to reach a settlement as he alleges, but that no result was reached. It is manifest from this resume that the result reached by the jury was impossible, under the instruction quoted; for there is nothing to show that the conference between the parties terminated in a formal written statement—something more that a mere memorandum—of the mutual accounts, showing upon its face that it was intended to be a final statement up to date, and expressed with clearness and certainty. Clearly, the jury disregarded the explicit direction, and concluded that the memorandum made by Shipman, the form and contents of which are not shown, was sufficient under their own conception of what was required, proceeding upon the theory that, inasmuch as the defendant had assented to the balance found, he should be held to abide his agreement. The district court should therefore have granted a new trial, even though, upon consideration, it became satisfied that the instruction was wrong.

As stated above, the condition of the record precludes an expression of opinion at this time, either as to the sufficiency of the evidence to support a verdict for the plaintiff or as to the correctness of the instruction in point of law. We may go no further than to require the cause to be tried under the law as it shall be expounded by the court.

The judgment and order are reversed, and the cause is remanded, with direction to grant a new trial.

*Reversed and remanded.*