# FREEL v. PIETZSCH.

(132 N. W. 779.)

**Notice of appeal and undertaking on appeal — mistake in title.**

1. Where a notice of appeal and undertaking on appeal otherwise clearly identify the order and judgment appealed from, and are properly served on the attorney for respondent, who admitted service thereof, and are filed in the action to which they were intended to apply, a mistake in their title is not ground for dismissal of the appeal; it appearing that the notice and undertaking are entitled in the same manner as the action was originally instituted.

22 N. D.—8.

**Judgment non obstante veredicto — reversal.**

 2. In an action against husband and wife for the wrongful conversion of promissory notes, where the evidence shows that defendant husband had nothing whatever to do with the alleged wrongful conversion of the same, and neither aided, abetted, counseled, nor advised therein, motion for judgment *non obstante veredicto* was improperly denied, and this court will reverse the judgment and enter such order where it appears probable from the record that a different showing cannot be made on another trial.

**New trial — for disregard of erroneous instructions.**

 3. Instructions of the court, though erroneous, being the law of the case, should be followed by the jury, and a verdict rendered in disregard to them should be set aside on motion for new trial, as against law, even though such verdict may be supported by the evidence under proper instructions.

Opinion filed September 29, 1911.

Appeal from District Court, Eddy county; *E. T. Burke,* J.

Action by Bertha Freel against Fred Pietzsch and wife. From a judgment for plaintiff, defendants appeal.

Reversed and judgment ordered for defendant Fred Pietzsch, and new trial granted defendant Anna Pietzsch.

*Maddux & Rinker* and *Ball, Watson, Young, & Lawrence,* for appellants.

*J. A. Manly* and *John Knauf,* for respondent.

FISK, FRANK, Special Judge. Action in conversion for the recovery of the sum of $5,000, the face value of three promissory notes alleged to have been executed by defendants to plaintiff on or about April 8, 1908, and thereafter and on May 4, 1908, wrongfully converted by defendants to their own use. Judgment was had in plaintiff's favor and against the defendants for the sum of $5,000, and they have appealed separately from such judgment, and also from an order denying their motion for judgment notwithstanding the verdict or for a new trial.

Respondent moved to dismiss the appeals on the ground that no notice of appeal from any order denying appellants' motions for judgment notwithstanding the verdict, or for a new trial, was ever served in said action, and no undertaking on appeal made or served; and, further, that no notice of intention to move for a new trial, and no

notice of motion for a new trial or for judgment notwithstanding the verdict, was ever served in said action. The action was originally commenced in the name of Frederick Freel, as guardian *ad litem* of Bertha Freel, plaintiff. From the record it appears that on May 26, 1909, a notice of motion for leave to file a supplemental complaint was served upon the attorneys for appellants, the object of the same being to have the title of the action changed to Bertha Freel, as plaintiff, by reason of her having reached the age of majority. There appears to have been no order made changing the title upon such application, although the action was tried upon the supplemental complaint, which is entitled "Bertha Freel, plaintiff." The answer to the original complaint was allowed to stand as the answer to the supplemental complaint, and is entitled, "Frederick Freel, as Guardian *ad litem* of Bertha Freel, Plaintiff." The instructions to the jury are also so entitled. The verdict and judgment are in the name of Bertha Freel as plaintiff. The notices of appeal and undertakings on appeal are entitled in the same manner in which the action was originally instituted. Respondent contends that by reason of the same not being entitled in the name of Bertha Freel, plaintiff, the appeal is ineffectual, and should be dismissed. We are unable to agree with such contention. The notices of appeal from the orders denying appellant's motion for judgment notwithstanding the verdict, and for a new trial, as well as the notice of appeal from the judgment, describe particularly from what the appeal is taken. They were served upon one of the attorneys for respondent, who instituted the action originally, and who has been connected with the same ever since, and he admitted service on each of said documents as the attorney for plaintiff. This is equally true as to the undertakings and the notice of intention to move for judgment notwithstanding the verdict, or for a new trial. The same attorneys on each side have appeared in the case since its inception.

The authorities cited by respondent are not in point. In Dorsey v. Raleigh & G. R. Co. 91 N. C. 201, the undertaking on appeal given as security for costs was made payable to the state, instead of to respondent, and the court says: "Had no person been named in the undertaking to whom it was payable, and the instrument been without seal, it would have been sufficient under the ruling in the case of the Clerk's Office v. Huffsteller, 67 N. C. 449,—a conclusion arrived at not with-

out much hesitancy, as shown in the opinion of the court." In Herrlich v. McDonald, 72 Cal. 579, 14 Pac. 357, the court says: "The certificate of the clerk, presented on hearing of the motion to dismiss, shows that the notice of appeal filed below was entitled 'Julia Herrlich v. H. M. McDonald.' But the notice was signed by the 'attorney for the defendant,' the subscriber being the attorney for the defendant in the action Julia Herrlich v. Maggie McDonald. It was filed in the court in which that action had been pending, and was served on the attorney for the plaintiff therein, who acknowledged service, 'reserving all objections.' The notice refers to an order made February 18, 1887, refusing to recall an execution, etc. . . . We cannot say, however, but that the notice described the order in such manner as clearly to identify it, and so to inform the respondent of the particular order appealed from." There appears to have been no objection made to the party plaintiff at the hearing of the motion for judgment *non obstante veredicto* or for a new trial, and the case appears to have proceeded until it reached this court, in the name of Frederick Freel as guardian a portion of the time, and in the name of Bertha Freel, plaintiff, the balance of the time. The action, while entitled in the name of Frederick Freel as guardian of Bertha Freel, was in substance the action of Bertha Freel, and the fact that the verdict and judgment were entitled in her name alone as plaintiff, without any order apparently having been made for such change, would not, in our opinion, be grounds for dismissing the appeals in said action, because the same are entitled as the action was originally commenced, and especially so in view of the fact that the orders and judgment are particularly described. Finding no merit in respondent's motion to dismiss the appeals, we will pass to the merits of the case.

The appellants (defendants in the lower court) are husband and wife, and the respondent is a sister of appellant Anna Pietzsch. Respondent claims that, when she was about twelve years old, appellant Fred Pietzsch took improper liberties with her, and had sexual intercourse with her on numerous occasions; that nothing was said about the matter until she was sixteen years old, and had been delivered of a bastard child begotten by her present husband, Freel; that while confined to her bed by reason of such childbirth she informed her mother of what had taken place between Pietzsch and herself, which information

was communicated to appellant Anna Pietzsch, and by her to her husband; that appellants then executed and delivered the notes in question in settlement for the wrong Fred Peitzsch had done respondent, and to have the matter kept quiet, as she puts it; that three or four weeks thereafter and shortly before the first note became due, Anna Pietzsch went to the home of respondent, who was living with her mother, ostensibly to pay the note falling due, but, instead of paying the same, forcibly took all three notes from respondent, and refused to deliver them back. Appellants deny the execution and delivery of the notes, and deny that Fred Pietzsch ever had improper relations with respondent. Appellants made both joint and several motions for directed verdicts at the close of respondent's case and at the close of the entire case, and also for judgment *non obstante veredicto* or for new trials, and they specify the rulings on these motions as error, setting up eleven separate assignments of error. It would serve no useful purpose to set forth at length the testimony. Suffice it to say that there is not a scintilla of evidence in the record tending in any way to connect Fred Pietzsch with the alleged wrongful conversion set forth in the complaint, and it was therefore manifest error to deny his motion for a directed verdict, conceding for the purposes of the case, that there was sufficient evidence to warrant a finding that the notes were executed and delivered for a good and valid consideration. There is no intimation or suggestion in the testimony that defendant Fred Pietzsch either advised, counseled, aided, or abetted his said wife in such wrongful conversion, and we are at a loss to understand on what possible theory he can be held responsible for her said acts. We are agreed that as to him the judgment and order appealed from must be reversed, and judgment entered in his favor as prayed for, the record disclosing that no different showing can likely be made on another trial. Ætna Indemnity Co. v. Schroeder, 12 N. D. 110, 95 N. W. 436.

The following instruction was given by the trial court: "Sexual intercourse between other than husband and wife is unlawful, and a contract having such an unlawful intercourse as its basis and consideration is absolutely void. If, therefore, you find that the notes in suit were actually executed and delivered, and later appropriated by the defendants, but that they were based upon sexual intercourse of the plaintiff and defendant Fred Pietzsch, then said notes are void and

unenforceable, and your verdict must be for the defendant." All of the evidence in the case goes to show that, if the notes in question were executed and delivered as claimed by plaintiff, the consideration therefor was sexual intercourse between appellant Fred Pietzsch and respondent some years prior to the giving of said notes. The instruction thus given amounted practically to a directed verdict in appellant's favor, and, whether right or wrong, was the law of the case, and it was the duty of the jury to obey it. It is manifest that the verdict was rendered in disregard of the above-quoted instruction, and is, for that reason, contrary to law, and a new trial should have been granted appellant Anna Pietzsch upon her motion setting forth that ground. Neither appellants nor respondent have questioned the correctness of such instruction, and it does not become necessary for us to pass upon the same. However, for the guidance of the trial court upon a retrial of the case, as to appellant Anna Pietzsch, we will state that in our opinion there is ample evidence in the record to justify its submission to the jury on the questions of the execution of the notes, the consideration therefor, and the alleged wrongful conversion thereof; that these notes were executed as alleged, and that there was in law a valid consideration therefor. So far as Fred Pietzsch is concerned, there is ample evidence to justify a finding in respondent's favor. If the plaintiff's testimony be true, he committed a gross outrage on this young girl, subjecting himself to liability, both criminally and civilly. His wife and codefendant, for the purpose of avoiding a public scandal and protecting him from a civil damage suit, saw fit to personally obligate herself for the payment of such notes by joining with her husband in executing and delivering the same, and we have no doubt that she thus became primarily liable thereon with her said husband. The contention of appellant's counsel that such promissory notes are without consideration finds no support in the evidence, there being no testimony whatever showing, or tending to show, that any portion of the consideration for such notes was for the purpose of stifling criminal proceedings. Furthermore, defendants are not in a very good position to urge such defense, as they flatly deny the execution of such notes at all. In a few jurisdictions it has been held that where the court erroneously instructed the jury as to the law, and they disregarded such instructions, and brought in a verdict supported by the evi-

dence in the case and the law applicable thereto, such verdict will not be set aside and a new trial granted on the ground that justice has been done between the litigants. But the great weight of authority supports the other view of the matter, and we believe correctly so, and holds that even though the instruction given is erroneous, and that the evidence is amply sufficient to sustain the verdict under a proper instruction, still, where the jury disregard the erroneous instruction and bring in a verdict which is clearly repugnant thereto, a new trial should be granted. As sustaining this view, see the following cases: Standiford v. Green, 54 Neb. 10, 74 N. W. 263; Mast v. Pearce, 58 Iowa, 579, 43 Am. Rep. 125, 8 N. W. 632, 12 N. W. 597; Battin v. Marshalltown, — Iowa —, 77 N. W. 493; King v. Lincoln, 26 Mont. 157, 66 Pac. 836; Darlington Oil Co. v. Pee Dee Oil & Ice Co. 68 S. C. 46, 46 S. E. 720; Aguirre v. Alexander, 58 Cal. 30; Emerson v. Santa Clara County, 40 Cal. 543; Murray v. Heinze, 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714; Lynch v. Snead Architectural Iron Works, 132 Ky. 241, 21 L.R.A.(N.S.) 852, 116 S. W. 693; Rogers v. Murray, 3 Bosw. 357. By reason of what has heretofore been said, it is unnecessary to pass upon the other assignments.

The judgment is reversed as to both appellants, and it is ordered, that judgment be entered in favor of the appellant Fred Pietzsch for a dismissal of said action, and that a new trial be granted the appellant Anna Pietzsch.

MORGAN, Ch. J., and BURKE, J., not participating. W. J. KNEE-SHAW and F. E. FISK, District Judges, sitting by request.