LENA BELLINGER *et al.*

*v.*

ELLA BARNES *et al.*

*Opinion filed April 17, 1906.*

APPEALS AND ERRORS—*co-plaintiffs not assigning error must be summoned and severed.* A party may, in the first instance, sue out a writ of error in the names of all his co-plaintiffs or co-defendants, but if they do not appear and assign error they must be summoned and a judgment of severance obtained as to them.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

D. D. DONAHUE, and ED. PEIRCE, for plaintiffs in error.

ROWELL & LINDLEY, WELTY, STERLING & WHITMORE, and THOMAS W. TIPTON, for defendants in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Lena Bellinger, David Timmerman, Morgan Timmerman and Amy Snell filed their bill in the circuit court of McLean county against Ella Barnes and others to contest the will of Elizabeth Timmerman, deceased.

There was no trial on the merits, but such proceedings were had that the court, on April 29, 1903, entered a decree dismissing the bill as to David Timmerman, Morgan Timmerman and Amy Snell, and on July 9, 1903, entered a decree dismissing the bill as to Lena Bellinger.

David Timmerman and Lena Bellinger sued out this writ of error to review those decrees and used the names of their co-complainants as co-plaintiffs in error. Process issued from this court on February 9, 1905, for the defendants in error, and was returned March 30, 1905, served as to a part of those against whom it ran and "not found" as to the others. On June 17, 1905, affidavit of the non-residence

of such others and of Morgan Timmerman and Amy Snell was filed, and notice by publication was given to the defendants in error "not found," but no notice was given to the two complainants below who did not join in suing out this writ, and those two complainants have not appeared and assigned error, they have not been summoned, there has been no judgment of severance as to them and they are not in court by entry of appearance or otherwise.

Lena Bellinger and David Timmerman joined in assigning errors, questioning, among other things, the action of the circuit court in dismissing the bill as to their two co-complainants, and the cause was taken under advisement by this court at the October term, 1905.

Defendants in error seek by their brief and argument to have the writ dismissed on account of the failure of plaintiffs in error to obtain summons for and judgment of severance as to Morgan Timmerman and Amy Snell.

It was proper, in the first instance, for the plaintiffs in error to join the names of all the complainants in the court below as plaintiffs in error in this court, but when two of those who were complainants in the court below failed to appear and assign error in this court, the proper course for those who sued the writ out of this court was to have such complainants below as failed to appear and assign error in this court summoned and to obtain a judgment of severance as to them, when the suit could proceed. *McIntyre* v. *Sholty,* 139 Ill. 171; *Scott* v. *Great Western Coal and Coke Co.* 220 id. 42.

As the affidavit of non-residence indicates an effort on the part of plaintiffs in error, unavailing though it was, to bring their co-complainants before this court, we are not disposed to dismiss the writ, as we would otherwise do.

The order taking the cause under advisement will be set aside, and the parties hereto may proceed further herein if they shall be so advised.    *Order taking cause set aside.*