HALL, RESPONDENT, *v.* BUTTE ELECTRIC RAILWAY CO. ET AL., APPELLANTS.

(No. 2,652.)

(Submitted May 7, 1909. Decided May 22, 1909.)

[101 Pac. 965.]

*Appeal—Dismissal—Faulty Record.*

> 1. Where the record on appeal in an action against three defendants showed a judgment against one only, and a joint notice of all defendants recited that they intended "to move the court to vacate the verdict rendered against *them,* and to grant a new trial thereof," while the order of the court denying the *motion* referred to only one of defendants, the attempted appeals will be dismissed. (MR. JUSTICE SMITH dissenting.)

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by Edward Champion Hall against the Butte Electric Railway Company and others. Judgment for plaintiff, and defendants appeal. Appeal dismissed.

*Mr. W. M. Bickford,* and *Mr. Geo. F. Shelton,* for Appellants.

*Messrs. Mackel & Meyer,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The action was commenced against the Butte Electric Railway Company, John Zurfluh, and P. J. Donohue. The defendants first appeared jointly by general demurrer, which was overruled. They then jointly answered. The cause was tried to the court sitting with a jury. The verdict returned is as follows: "We, the jury in the above-entitled action, find our verdict in favor of the plaintiff and against the defendant Butte Electric Railway Company for the sum of $1,000, besides costs of action." The judgment, after reciting the verdict, proceeds: "Where-

fore, by virtue of the law and by the reason of the premises aforesaid, it is ordered and adjudged that the said plaintiff, Edward Champion Hall, have and recover from the said defendant, Butte Electric Railway Company, a corporation, the sum of one thousand ($1,000) dollars, with interest thereon at the rate of eight per cent per annum from date until paid, together with plaintiff's costs and disbursements incurred in this action, amounting to the sum of ————.'' Defendants jointly gave notice of intention to move for a new trial, in which they say that they ''intend to move the court to vacate *the verdict rendered against them,* and in favor of the plaintiff, in the above-entitled cause, and to grant a new trial thereof.'' The only order found in this record denying a motion for a new trial is the following: ''This day the defendant Butte Electric Railway Company's motion for a new trial is by the court denied.'' The defendants jointly appeal, and in their notice they recite that they appeal ''from the judgment therein rendered by the district court of the second judicial district of the state of Montana, in and for the county of Silver Bow, on the seventeenth day of March, 1908, and entered on the seventeenth day of March, 1908, in favor of the plaintiff *and against the defendants,* and from the whole thereof, and also from the order of said court, made and entered on the twenty-ninth day of August, 1908, overruling the said *defendants' motion* for a new trial, and from the whole thereof.''

The foregoing statement—which appears to be the only fair statement to be had from the record before us—demonstrates at once that this court cannot consider either appeal upon the merits. There is not any such judgment in the record as the one from which the appeal is attempted to be taken. The attempted appeal is from a judgment rendered against all three defendants, while the only judgment found in the record is a judgment against the Butte Electric Railway Company only. The same thing is true with respect to the order denying a new trial. This record wholly fails to show that any appeal has ever been taken from the judgment or order found in this record,

while the judgment and order from which the appeals purport to have been taken are not in the record. There is, therefore, not anything before us which we can consider, and for this reason each of the pretended appeals is dismissed.

*Dismissed.*

MR. CHIEF JUSTICE BRANTLY concurs.

MR. JUSTICE SMITH dissents.