STATE EX REL. ROSENSTEIN, RELATOR, *v.* DISTRICT
COURT ET AL., RESPONDENTS.

(No. 2,843.)

(Submitted March 19, 1910.    Decided April 4, 1910.)

[108 Pac. 580.]

*Justices of the Peace Courts—Appeal—Notice—Contents—Jurisdiction—Prohibition.*

Appeal—Statutory Requirements—Substantial Compliance.

1.  Appeals are subject to statutory regulation, and in order to confer jurisdiction upon the appellate court there must be at least a substantial compliance with the statute.

Appeal—Justices' Courts—Notice—Contents.

2.  The notice of appeal from a justice's court to the district court, required by section 7121, Revised Codes, must describe the particular judgment or order appealed from by reference to the court which rendered it, to the parties litigant, and to the date, and amount or character of it, in terms sufficiently specific to identify it. without resort to extrinsic evidence.

Same—Justices' Courts—Notice—Contents—Prohibition.

3.  *Held,* on application for writ of prohibition that a notice of appeal from a justice's to the district court which did not state the nature and amount of the judgment complained of and gave the date of it as "the ——— day of September, 1909," failed to identify the judgment appealed from, and was therefore insufficient to give the district court jurisdiction.

ORIGINAL APPLICATION for prohibition by the state, on the relation of H. D. Rosenstein, against the District Court in and for Silver Bow county and Jeremiah J. Lynch, judge thereof. Motion to quash the alternative writ denied, and a peremptory writ ordered to issue.

*Messrs. Mackel & Meyer* submitted a brief in behalf of Relator; *Mr. Alex. Mackel* argued the cause orally.

In behalf of Respondents, *Messrs. Veazey & Veazey* and *Mr. E. L. Bishop* submitted a brief; *Mr. I. Parker Veazey, Jr.,* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Original application for writ of prohibition. On September 13, 1909, the relator brought his action in a justice's court in Silver Bow county to recover of the Great Northern Railway Company damages in the sum of $299. The railway company appeared to defend the action, and thereupon, after a trial, on October 5, judgment was rendered and entered in favor of the relator for the amount demanded and for costs, taxed at nine dollars. The railway company, desiring to appeal to the district court, caused to be filed with the justice, and served upon the relator, the following notice:

"In the Justice's Court of Silver Bow County.

"Before Henry Foley, Justice of the Peace.

"H. D. Rosenstein, Plaintiff,

v.

Great Northern Railway Company, a Corporation, Defendant.

'Notice of Appeal.

"The State of Montana,
County of Silver Bow,—ss.

"You wil' please take notice that the defendant in the above-entitled action hereby appeals to the district court of the second judicial district in and for the county of Silver Bow from the judgment therein made and entered in the said justice's court on the —— day of September, 1909, in favor of said plaintiff and against said defendant and from the whole thereof.

"Dated October 5, 1909."

On October 8 the justice transmitted to the clerk of the district court a copy of his docket, together with the papers filed in the action, and they were filed with the clerk in his office on that day. Thereupon the relator, appearing specially and for that purpose only, moved the court to dismiss the appeal, on the ground of insufficiency of the notice to give the court juris-

diction.   The motion having been denied, this proceeding was instituted to restrain the court from proceeding to trial and judgment.   The respondents have moved to quash the alternative writ and dismiss the proceeding on the ground that the facts stated in the affidavit do not warrant the relief sought. The application is submitted for determination upon the one question, to-wit: Is the notice of appeal, which incorrectly states the date of the judgment and wholly fails to designate the amount of it or describe it otherwise than by naming the court and the parties, sufficient to confer jurisdiction upon the appellate court?

Appeals from justices' courts to the district courts are allowed in all cases in such manner and under such regulations as may be prescribed by law.   (Constitution, Art. VIII, sec. 23.) Section 7121, Revised Codes, provides: "The appeal is taken by filing a notice of appeal with the justice or judge, and serving a copy on the adverse party or his attorney."   The provision touching appeals from the district courts to the supreme court is substantially the same.   (Revised Codes, sec. 7100.)   It will be noted that these provisions are silent as to the contents or form of the notice required; so that, while appeals are subject to statutory regulation, with which there must be at least a substantial compliance in order to confer jurisdiction upon the appellate court (*Territory* v. *Hanna,* 5 Mont. 246, 5 Pac. 250; *State* v. *Northrup,* 13 Mont. 522, 35 Pac. 228; *State* v. *Malish,* 15 Mont. 506, 39 Pac. 739; *Hines* v. *Carl,* 22 Mont. 501, 57 Pac. 88; *Creek* v. *Bozeman Water Works,* 22 Mont. 327, 56 Pac. 362), we must consider what the office of the notice is, and by resort to general rules of law ascertain what the contents of it must be.   The first purpose of it is to clothe the appellate court with jurisdiction of the cause for trial or for review, as the case may be; for the appeal is taken by filing and serving the notice, though it is ineffectual for any purpose unless the required undertaking be filed.   (Revised Codes, sec. 7124.)   The second purpose of it is to convey information to the adverse party that the appellant has removed the cause to the appel-

late court, so that he may have his day in that court to
maintain his rights. It seems obvious, therefore, that, to
afford him the opportunity to appear, he must be informed
of the particular judgment or order from which the appeal
is taken, so that he may understand what he is required
to meet. This requires that the judgment or order be described
by reference to the court which rendered it, to the parties
litigant, and to the date and amount or character of it, in
terms sufficiently specific to identify it. In other words, the
notice performs the office of a summons. In *Sperling* v. *Calfee,*
7 Mont. 514, 19 Pac. 204, it was held that the judgment must
be specifically referred to. So in *Steuffen* v. *Jefferis,* 9 Mont.
66, 22 Pac. 152, it was said: ''The order denying a motion for
a new trial is one from which an appeal may be taken directly;
but a litigant, wishing to appeal from such order, must give
notice thereof, and his notice of appeal must direct the atten-
tion of the adverse party to the fact that such order will be
the subject of review in the appellate court.'' In the case of
*Hall* v. *Butte Electric Ry. Co.,* 39 Mont. 144, 101 Pac. 965, this
court dismissed an appeal because the notice recited a judgment
against three defendants, whereas the judgment found in the
record was against one defendant only.

The general rule is thus stated in 24 Cyc. 689: ''A notice
of appeal, to be effective, must properly designate the judg-
ment appealed from by a sufficient description to show the
applicability of the notice to the judgment, without resort to
extrinsic evidence. But the object of a notice of appeal is ac-
complished when the appellate court can ascertain from an in-
spection of the notice what particular judgment the appellant
complains of.'' Applying this rule to the notice before us, we
find that it does not describe the judgment complained of, either
by stating the nature or amount of it, or by giving the date of
it. It omits the first particular of the description entirely, and
states the date in such a way as to make it applicable to any
judgment which may have been rendered and entered at any
time within thirty-five days prior to the date at which the judg-

ment complained of was actually rendered. It cannot, therefore, be ascertained from an inspection of the notice and without resort to extrinsic evidence whether the judgment referred to is the one shown by the copy of the docket of the justice filed in the district court, or whether reference is made to another, rendered between the same parties at any time within thirty-five days prior to its date. It wholly fails to identify the judgment. It is therefore insufficient.

Counsel cite many cases in support of their respective contentions in which particular forms of notice are considered. They are in irreconcilable conflict. Some of the courts, as in Oregon, Wisconsin and Minnesota, hold to the rule of strict construction. (*Beck* v. *Thompson,* 35 Or. 182, 76 Am. St. Rep. 471, 57 Pac. 419; *Atkinson* v. *Chicago & N. W. R. Co.,* 69 Wis. 362, 34 N. W. 63; *Pettingill* v. *Donnelly,* 27 Minn. 332, 7 N. W. 360.) Others, as in Washington, Nevada and Iowa, have apparently adopted the rule that extrinsic evidence may be resorted to to supplement and aid the recitals in the notice. (*Horrell* v. *California etc. Assn.,* 40 Wash. 531, 82 Pac. 889; *Paul* v. *Cragnaz,* 25 Nev. 293, 59 Pac. 857, 60 Pac. 983, 47 L. R. A. 540; *Kennedy* v. *Rosier,* 71 Iowa, 671, 33 N. W. 227.) While we should go far to sustain an appeal when the notice could by any reasonable construction be held to refer to the particular judgment or order, we are not inclined to sustain one where the notice does not furnish the information required, without supplement by reference to extrinsic evidence. The appeal should have been dismissed.

The motion to quash the alternative writ is denied. A peremptory writ is ordered issued as prayed for.

*Writ granted.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

Rehearing denied May 2, 1910.