## VALADON, APPELLANT, *v.* LOHMAN, RESPONDENT.

### (No. 3,157.)

(Submitted September 14, 1912. Decided September 28, 1912.)

[127 Pac. 88.]

*Justices' Courts—Appeal to District Court—Notice—Sufficiency.*

Justice's Courts—Appeal—Notice—Sufficiency.

1. The function of a notice of appeal from a justice's to the district court being the same as that of a summons, *i. e.*, to give the adverse party an opportunity to be heard in his own behalf, it is sufficient if upon its face such party is given enough information to enable him to know what is required of him to protect his rights; hence it was error to dismiss such an appeal on the ground of insufficiency of the notice, where it contained the title of the cause, the date of the rendition of the judgment, the title of the court which rendered it, and a statement that it was rendered in favor of plaintiff and against defendant.

Same—Appeal—Withdrawal—Dismissal—Power of Court.

2. *Quaere:* Where an appeal is taken from a justice's to the district court and the record lodged with its clerks, may the appellant withdraw or dismiss it, and has the district court power to permit him to do so?

*Appeal from District Court, Chouteau County; Frank N. Utter, Judge.*

ACTION by Joseph F. Valadon against A. S. Lohman. From a judgment of the district court dismissing an appeal from a judgment in a justice's court, plaintiff appeals. Reversed and remanded.

*Messrs. H. S. Kline* and *R. E. Hammond* submitted a brief in behalf of Appellant; *Mr. J. A. Walsh,* of counsel, argued the cause orally.

This court has cited with approval a holding that the three essential elements of jurisdiction are: (1) The court must have cognizance of the class of cases to which the one to be adjudged belongs; (2) the proper parties must be present, and (3) the point decided must be in substance and effect within the issue. (*Sloan* v. *Byers,* 37 Mont. 511, 97 Pac. 855.) It has also said that the filing of the notice of appeal and undertaking

are necessary to give the court jurisdiction of the subject matter, and that service of the notice of appeal is necessary, but that the latter may be waived; and that the function of the notice of appeal is the same as that of a summons in a civil action. The district court held that the notice of appeal from the justice court was insufficient, and hence that no notice of appeal was filed; that although service of a notice of appeal can be waived, the filing of the same cannot. Our contention is that though the notice of appeal might be faulty, or even if no notice of appeal had been filed or served, as long as there was an appearance in the district court where the matter was to be tried *de novo*, any defect in the appellate procedure was waived. In this connection we would call the court's attention to the distinction between appellate courts having exclusive appellate jurisdiction and those having concurrent original jurisdiction of the subject matter as well, which is the case here. Where the appellate court has original as well as appellate jurisdiction of the case, jurisdiction of both the subject matter and the person may be conferred upon it by waiver or consent. (24 Cyc. 643, and cases cited.)

The notice of appeal from the judgment of a justice is no part of the papers upon which an appeal is to be heard in the appellate court, and its defects cannot be considered where the appeal is brought to a hearing upon its merits. (*Webster* v. *Hopkins,* 11 How. Pr. (N. Y.) 140.) See the following cases as sustaining our contention: *Cook* v. *Morse,* 40 Conn. 544; *City of Santa Barbara* v. *Eldred,* 95 Cal. 378, 30 Pac. 562, and cases cited; *Davidson* v. *O'Donnell,* 41 Mont. 312, 110 Pac. 645; *In re Burnette,* 73 Kan. 609, 85 Pac. 575; *People's Bank* v. *Sanderson,* 24 S. D. 443, 123 N. W. 873; *Reed* v. *City of Muscatine,* 104 Iowa, 183, 73 N. W. 579. The objections raised by the district judge are successfully met in the case last cited. The court having had the three essential elements of jurisdiction, we contend that it erred in having dismissed the appeal and denying its own power to hear and determine.

No appearance in behalf of Respondent.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was commenced in the justice's court of Havre township, Chouteau county, on June 12, 1909, to recover damages for a trespass by defendant upon land belonging to plaintiff. In the justice's court the plaintiff had judgment. The defendant having given notice of appeal to the district court and filed his undertaking with the justice, the record was filed in that court on July 28, 1909. The notice was properly entitled in the court and cause, and reads as follows: "You will please take notice that the defendant in the above-entitled action hereby appeals to the district court of the twelfth judicial district in and for the county of Chouteau from the judgment therein made and entered in the said justice's court on the 8th day of July, 1909, in favor of said plaintiff and against said defendant, and from the whole thereof. This appeal is taken on questions of both law and fact." On June 1, 1910, the attorneys for the respective parties filed a stipulation for a continuance of the cause for the current term because defendant was ill. On August 4, 1910, another stipulation was filed, by the terms of which the parties agreed to take the deposition of a witness to be used at the trial. On July 15, 1911, other counsel than the one who had theretofore represented the defendant filed with the clerk a notice that defendant desired to withdraw his appeal, and directed him to dismiss it. It does not appear that this notice was ever called to the attention of the court, or that the clerk attempted to act upon it. On July 17, neither defendant nor his counsel being present, the cause was tried without a jury, and submitted to the court for judgment. On July 21 the court rendered its decision dismissing the appeal, and ordering judgment in favor of defendant for his costs and disbursements on the appeal. The judgment was entered on October 5. The ground upon which the court proceeded was that the notice of appeal from the justice's court was fatally defective, in that it "does not state the amount or characterize the judgment entered in the justice's court," and hence that

the district court was without jurisdiction to proceed with the cause. Plaintiff has appealed from the judgment. Counsel for defendant have not filed a brief nor made any appearance in this court.

The first question submitted for decision is: Did the notice [1] sufficiently describe the judgment appealed from to remove the cause to the district court? Upon the removal of a cause to the district court, it stands for trial *de novo.* (Rev. Codes, sec. 7122.) The notice is the means provided by the statute to bring the adverse party into that court so that he may appear and protect his rights. Its function is the same as that of a summons (*State ex rel. Rosenstein* v. *District Court,* 41 Mont. 100, 21 Ann. Cas. 1307, 108 Pac. 580; *Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064), the purpose of which is to give the defendant in the action the opportunity to appear and be heard in his own defense (32 Cyc. 447). It was pointed out in *State ex rel. Rosenstein* v. *District Court, supra,* that, though the statute does not require what the notice must state, yet, the purpose of it being to initiate the proceedings on appeal and to bring the adverse party into court, it is obviously necessary that it should convey to him such specific information as to the particular judgment from which the appeal is taken—the date, amount, and character of it, the court in which it was rendered, the parties litigant—as will serve to identify it. It is equally obvious that it is not necessary that it should contain all the descriptive matters enumerated. It must be deemed sufficient if upon its face the adverse party is given enough information to enable him to know what is required of him in order to protect his rights. This view not only permits, but requires, a reasonable construction of it in order that the appellant may not be defeated of his right for merely technical reasons. Nothing said in the opinion in *State ex rel. Rosenstein* v. *District Court* was intended to indicate that this court then entertained a contrary view. The notice under consideration there, because of its omission of descriptive particulars, could not be understood to refer to any particular judgment without reference to extrinsic evidence to aid

it. While the notice in this case omits to state the amount of the judgment, it contains the title of the cause, the date of the rendition of the judgment, the statement that it was rendered in favor of the plaintiff and against the defendant, and the title of the particular court that rendered it. The notice was sufficient. The court was in error in dismissing the appeal.

In their brief counsel contend, also, that by joining in the stipulations for the continuance of the cause and for the taking of the deposition, counsel for defendant waived any defect in the notice of appeal, and, having thus submitted the rights of defendant to the jurisdiction of the court, put it beyond its power to dismiss the appeal. In view of the conclusion already stated as to the sufficiency of the notice, we deem it unnecessary to notice the contention.

Counsel contend, further, that, when an appeal has once been taken and the record has been lodged with the clerk of the [2] district court, the appellant cannot withdraw or dismiss the appeal, nor may the court permit him to do so, for the reason that under the statute the cause must stand for trial *de novo* as if brought originally in the district court. They cite many cases which seem to support their contention. Since, however, neither the judge nor the clerk presumed to act upon the notice filed by counsel for defendant directing a dismissal of the appeal, there is nothing before us for review in connection with it. The contention, therefore, so far as this case is concerned, presents a moot question which we shall not attempt to decide. Besides, in view of some expressions found in section 7124 of the Revised Codes, which imply that such an appeal may be withdrawn or dismissed after it has been perfected, and other provisions implying the contrary (Rev. Codes, sec. 7122), we ought not to attempt a decision in the absence of full argument.

The judgment is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY concurs.

MR. JUSTICE SMITH, being absent, did not hear the argument, and takes no part in the foregoing decision.