KRAUSE, RESPONDENT, *v.* INSURANCE COMPANY OF NORTH AMERICA, APPELLANT.

(No. 5,644.)

(Submitted March 25, 1925. Decided April 11, 1925.)

[235 Pac. 406.]

*Fire Insurance—Notice and Proof of Loss—Waiver—Pleading —Notice of Appeal—Sufficiency—Estoppel.*

Appeal—Notice—Sufficiency—Estoppel.
1. Where counsel for the successful party served notice on his adversary that judgment had been entered in his favor on a certain day, and the latter relying on the information stated in his notice of appeal that judgment had been entered on that day, the former was estopped from moving for a dismissal of the appeal on the ground that the notice did not properly describe the judgment, which had in fact been entered on a different day.

Same—Notice—When Sufficient.
2. A notice of appeal is sufficient if upon its face the adverse party is given enough information to enable him to know what is required of him in order to protect his rights, and therefore a notice giving the correct title of court and cause, the date of entry as furnished to appellant by respondent, the correct amount of judgment and costs, signed by the attorney for the appellant, was in substantial compliance with the statute and proof against a motion to dismiss for insufficiency.

Fire Insurance—Notice or Proof of Loss—Waiver—Pleading.
3. Under section 8145, Revised Codes of 1921, where suit on a fire insurance policy is commenced within time, delay in the presentation of notice or proof of loss is waived if caused by the act of the insurer, or if he omits to make prompt and specific objection on that ground; but to entitle the insured to take advantage of this provision he must plead the waiver.

Appeal and Error, 3 **C. J.**, sec. 1322, p. 1222, n. 22; sec. 1347, p. 1243, n. 98.
Fire Insurance, 26 **C. J.**, sec. 480, p. 374, n. 43; sec. 514, p. 401, n. 11; sec. 515, p. 402, n. 17; sec. 516, p. 403, n. 23.

*Appeal from District Court, Golden Valley County; Geo. A. Horkan, Judge.*

2. See 2 **R. C. L.** 109.
3. See 14 **R. C. L.** 1347, 1351.

[73 Mont. 169.]

ACTION by Herman Krause against the Insurance Company of North America. Judgment for plaintiff and defendant appeals. Reversed and remanded.

*Messrs. Toole & Toole,* for Appellant, submitted an original and a reply brief; *Mr. Brice Toole* argued the cause orally.

The proposition that the furnishing by the insured of a sworn proof of loss in accordance with the terms of the contract of insurance is a condition precedent to the right of action unless waived is elementary. (*Careve* v. *Phoenix Ins. Co.,* 67 Mont. 236, 215 Pac. 235; *Hanover Fire Ins. Co.* v. *Johnson,* 26 Ind. App. 122, 57 N. E. 277; *White* v. *Home Mut. Ins. Co.,* 128 Cal. 131, 60 Pac. 666; *Burnham* v. *Royal Ins. Co.,* 75 Mo. App. 394; *American Ins. Co.* v. *Ott,* 101 Okl. 111, 223 Pac. 131; *Alliance Ins. Co.* v. *Enders,* 293 Fed. 485; *Commercial Fire Ins. Co.* v. *Waldron,* 88 Ark. 120, 114 S. W. 210; *Tuttle* v. *Pacific Mut. L. Ins. Co.,* 58 Mont. 121, 190 Pac. 993; Joyce on Insurance, 3280.) Nowhere does plaintiff plead a waiver of his delay in furnishing his sworn proof.

The requirements of a standard policy for "immediate notice" and "notice forthwith" have been interpreted to mean a reasonable time, and it has been held that a notice of loss not served until more than ten days after the fire was not given within a reasonable time. In the following cases where the preliminary notice was given at various periods, from eleven days to more than that time after the loss, it was held that the plaintiff could not recover because he had not complied with the requirements of the policy as to "immediate" or "forthwith" notice: *Cook* v. *North British etc. Co.,* 181 Mass. 101, 62 N. E. 1049 , 183 Mass. 50, 66 N. E. 597; *Ermentrout* v. *Girard F. & M.,* 63 Minn. 305, 30 L. R. A. 346, 65 N. W. 635; *Weed* v. *Hamburg etc. Ins. Co.,* 133 N. Y. 394, 31 N. E. 231; *Whitehurst* v. *North Carolina Mut. Ins. Co.,* 52 N. C. 433, 78 Am. Dec. 246; 7 Cooley's Briefs on the Law of Insurance, 1408.

The premises were insured as a dwelling-house and were used as a public meat-shop. This was such a breach of promissory warranty as to void the policy. (*Connecticut Fire Ins. Co.* v. *Buchanan,* 141 Fed. 877, 4 L. R. A. (n. s.) 758, 73 C. C. A. 111; *Alexander* v. *Germania Fire Ins. Co.,* 66 N. Y. 464, 484, 23 Am. Rep. 76; *Maher* v. *Hibernia Ins. Co.,* 67 N. Y. 283; *Boyd* v. *Vanderbilt Ins. Co.,* 90 Tenn. 212, 25 Am. St. Rep. 676, 16 S. W. 470; *Aiple* v. *Boston Ins. Co.,* 92 Minn. 337, 100 N. W. 8; *Dougherty* v. *Greenwich Ins. Co.,* 64 N. J. L. 716, 42 Atl. 485, 46 Atl. 1099.)

*Mr. V. D. Dusenberry,* for Respondent, submitted a brief and argued the cause orally.

It is respondent's contention that under the terms of this particular policy when construed as a whole, the time of furnishing proof of loss is not of the essence of the contract or a condition precedent to recovery of the loss, but that the effect of the failure to furnish proof of loss within the sixty-day period is to postpone the date when liability may be fixed upon the company. (Sec. 7549, Rev. Codes 1921; 26 C. J. 373; Joyce on Insurance, sec. 3282; *Mason* v. *St. Paul Fire & Marine Ins. Co.,* 82 Minn. 336, 83 Am. St. Rep. 433, 85 N. W. 13; *Welch* v. *Fire Assn. of Philadelphia,* 120 Wis. 456, 98 N. W. 227; *St. Paul Fire & Marine Ins. Co.* v. *Owens,* 69 Kan. 602, 77 Pac. 544; *Northern Assur. Co.* v. *Hanna,* 60 Neb. 29, 82 N. W. 97; *Dakin* v. *Queen City Fire Ins. Co.,* 59 Or. 269, 117 Pac. 419; *Connecticut Fire Ins. Co.* v. *Colorado Leasing etc. Co.,* 50 Colo. 424, Ann. Cas. 1912C, 597, 116 Pac. 154.)

The fact that the property was insured as a dwelling and later used in part as a meat-shop, does not preclude plaintiff from recovery.

Counsel for the defendant, ignoring the plain provisions of sections 8154 and 8155 of our Codes, contend that the words in the insurance policy ''while occupied only for dwelling-house purposes'' constitute a promissory warranty and therefore must

be strictly and literally performed; otherwise the policy is void.

The policy contains no express provision that the insurance shall be void if the property be used for other than dwelling-house purposes. The words of themselves are a part of the description of the subject matter of the insurance, and a change in use cannot be held to avoid the policy without reading into the insurance contract a forfeiture clause, which the company did not see fit to insert. While the contract provided that "this entire policy shall be void ＊ ＊ ＊ if the hazard be increased by any means within the control or knowledge of the insured," there is no provision that a change of use or occupancy, not amounting to an increase of hazard, will avoid the policy.

I submit that the clause "while occupied only for dwelling-house purposes" does not constitute a warranty and was never intended to be such by the parties. The clause in question, construed as a warranty which must be strictly and literally complied with, would be inconsistent with the other provisions of the contract. (See *Southern National Ins. Co.* v. *Cobb,* (Tex.), 180 S. W. 155; 26 C. J. 159.)

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Upon the trial of this action, at the close of the evidence, each party moved for a directed verdict. The court took the case under advisement and upon June 3, 1924, rendered judgment for plaintiff in the sum of $1,746.66, plus $48.20 costs. In due time defendant served and filed notice of appeal, and filed the necessary transcript in this court. Counsel for plain-

[1] tiff has moved to dismiss the appeal upon the ground that the notice does not describe the judgment set out in the judgment-roll so that the same may be identified without resort to extrinsic evidence, and he relies upon *State ex rel. Rosenstein* v. *District Court,* 41 Mont. 100, 21 Ann. Cas. 1307,

108 Pac. 580. Seemingly the chief reason for his contention is that the judgment is described in the notice as having been entered upon June 11, whereas he says the judgment contained in the record purports to have been rendered in open court on the third day of June, 1924, and filed on June 12, 1924.

But counsel for plaintiff on June 13 served what he denominated a "notice of entry of judgment" upon counsel for defendant, advising them that "on the third day of June, 1924, judgment was rendered in the above-entitled action, and the same was docketed on the eleventh day of June, 1924." By this notice it is clear that he intended to advise opposing counsel that the judgment had been entered on the 11th of June and he will not now be permitted to take advantage of any error into which his opponents fell if June 11 is not the proper date of entry.

While it is true that a notice of appeal which fails to describe the judgment appealed from by a description sufficient [2] to show the applicability of the notice to the judgment without resort to extrinsic evidence is defective (*State ex rel. Rosenstein* v. *District Court, supra*), counsel may find himself in a position where he will not be heard to take advantage of the defect, as is the case here. But in the instant case the notice of appeal gave correctly the title of the court in which the case was tried, and the title of the case; it was addressed to the plaintiff and his attorney of record; it gave the date of the entry of judgment as furnished to the defendant by the plaintiff and the statement that it was rendered in favor of the plaintiff and against the defendant; it gave correctly the amount of the judgment appealed from (except for a statement as to interest) and the correct amount of costs; it was signed by the attorneys for the appellant; it was properly served and filed with the clerk of the court. A notice of appeal "must be deemed sufficient, if upon its face the adverse party is given enough information to enable him to know what is required of him in order to protect his rights. This view

not only permits, but requires, a reasonable construction of it, in order that the appellant may not be defeated of his right for merely technical reasons. Nothing said in the opinion in *State ex rel. Rosenstein* v. *District Court* was intended to indicate that this court then entertained a contrary view.'' (*Valadon* v. *Lohman,* 46 Mont. 144, 127 Pac. 88.) The notice here satisfies the above requirement.

A substantial compliance with the statute is all that is required; moreover, the law favors the right of appeal. (*Morin* v. *Wells,* 30 Mont. 76, 75 Pac. 688; *Smith* v. *Duff,* 39 Mont. 374, 133 Am. St. Rep. 582, 102 Pac. 981.)

The motion to dismiss the appeal is overruled.

Plaintiff brought this action to recover upon a fire insurance [3] policy. He had insured a dwelling-house with the defendant company. Some four months after the policy was taken out and on August 29, 1921, the insured premises were completely destroyed by fire. The policy is a standard form which requires immediate written notice of loss, and within sixty days after the fire, unless such time be extended in writing by the company, sworn proofs of loss.

In his complaint the plaintiff alleged that before the commencement of the action he had duly fulfilled all of the conditions required of him by the policy; that he ''gave to the defendant due notice and proof of the fire and loss aforesaid, as required by the policy and by the laws of Montana,'' and that more than sixty days had elapsed since the proof of loss was received by the company. These allegations were denied by the defendant which pleaded affirmatively that plaintiff failed and neglected to give notice of the loss and also failed, neglected and refused for more than six months after the fire to give the defendant any proof of loss, but that on or about the 11th of March, 1922, and more than six months after the fire the plaintiff made, signed and swore to a pretended proof of claim of his alleged loss which was delivered to the defendant on March 16, 1922, in which proof the plaintiff stated

under his oath that the building and the several parts thereof were used as a dwelling-house at the time of the fire, which statement as to the use and occupancy of the building was false and known by the plaintiff to be false at the time he made, signed and swore to the proof for the reason that the building at the time of the fire was "used and occupied in part as a meat-shop and storeroom and salesroom for meat," which fact the plaintiff "in his said proof knowingly and willfully concealed" from the defendant. In his reply plaintiff reiterated that he had given notice of the fire to the defendant and denied that he had "neglected or refused for more than six months after the fire, or for any other time, or at all, to make or give the defendant proof of his loss as required by said policy," and he alleged the fact to be "that on or about the 11th of March, 1922, he had prepared a proof of loss in compliance with the terms and provisions of the contract, which proof of loss was delivered to the defendant on or about the 13th of March, 1922." He admitted that in the proof of loss he had stated under oath that the building and the several parts thereof were used as a dwelling-house at the time of the fire and denied that statement to be false; admitted that one Hutts, who occupied the insured premises as tenant of the plaintiff, while occupying the premises stored some meat in a portion of the building and sold some meat therefrom; denied that the plaintiff knowingly or willfully concealed, or concealed at all, from the defendant the fact that at the time of the fire the building was used in part as a meat-shop, or that he concealed any fact from the defendant. The plaintiff did not allege that defendant had waived proof of loss in any manner.

The proof showed that plaintiff gave immediate notice of the loss in accordance with the requirements of the policy. Also that plaintiff, then at Webster, South Dakota, on March 11, 1922, sent by mail written proof of loss sworn to by him to the defendant at Chicago; the same being received by defendant March 13. This suit was commenced August 14, 1922.

The "proof of loss," referred to at the trial as Exhibit "B," was admitted in evidence over the objection of defendant. During the discussion over its competency as evidence counsel for plaintiff stated that it was not offered "to prove a waiver."

Respective counsel do not disagree upon the proposition that it was incumbent upon plaintiff as a condition precedent to his recovery to furnish proof of loss to defendant, unless the defendant waived the requirement. Defendant's counsel do not contend that the proof of loss must necessarily have been furnished within the sixty-day period prescribed in the policy, but they insist that, unless sworn proof of loss is furnished within a reasonable time after the sixty-day period the plaintiff cannot recover. Numerous authorities are cited to support this position.

On the other hand, plaintiff's counsel insists that as "time is never considered as of the essence of a contract, unless by its terms expressly so provided" (sec. 7549, Rev. Codes 1921), and as "a condition involving a forfeiture must be strictly interpreted against the party for whose benefit it is created" (*Henderson* v. *Daniels,* 62 Mont. 363, 205 Pac. 964), the failure to furnish proof of loss merely postpones the time of payment and the time of bringing suit, provided, of course, the time for suing on the policy has not expired, citing 26 C. J. 373; Joyce on Insurance, sec. 3282, and other authorities.

But, suit having been commenced within time, the question is resolved by section 8145, Revised Codes of 1921, which reads: "Delay in the presentation to an insurer of notice or proof of loss is waived, if caused by any act of his, or if he omits to make objection promptly and specifically upon that ground."

However, if the insured would take advantage of this section he must plead the waiver. (*Snell* v. *North British & Mercantile Ins. Co.,* 61 Mont. 547, 203 Pac. 521; *Ames* v. *Minneapolis Fire & Marine Ins. Co.,* 69 Mont. 177, 220 Pac. 747.) This the plaintiff did not do, and for this reason the judgment cannot stand.

As the case must go back for a new trial we call attention to the fact that while the defendant pleaded a breach of contract by plaintiff on the theory that he had permitted an increase of risk it did not prove it. If the hazard undertaken by the defendant was increased by the use of the premises as a meat market, the defendant failed to show it.

The judgment is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.