MITCHELL ET AL., APPELLANTS, *v.* BANKING CORPORA-
TION OF MONTANA ET AL., RESPONDENTS.

(No. 6,238.)

(Submitted January 13, 1928.  Decided February 4, 1928.)

[264 Pac. 127.]

*Banks and Banking—Stockholders' Liability—Dismissal of
Action—Appeal—Notice of Appeal—"Adverse Parties"—
Appearance—Judgment—Default—Duty of Clerk to Enter—
Statute Directory—Failure to have Default Entered is Im-
plied Grant of Further Time to Make Appearance.*

Appeal—Service of Notice on All Adverse Parties or Attorneys Re-
quired.
1.  Since under sections 15 and 10713, Revised Codes 1921, words
in the singular include the plural, the provision of section 9733,
Id., that a party intending to appeal from an order or judgment
of the district court must file and serve a notice of appeal "on
the adverse party or his attorney" must, where there are more
than one adverse party, be read to mean service on all adverse
parties or their attorneys.

Same—"Adverse Party"—Definition.
2.  An "adverse party" within the meaning of section 9733, above,
is a party to a judgment whose rights may be adversely affected
by its reversal or modification, or one who has an interest in
opposing the object sought to be accomplished by the appeal.

Same—Statutory Provisions as to Mode of Taking Appeal Mandatory.
3.  The statutory provisions prescribing the mode of taking an
appeal are mandatory and must be complied with, and if any one
be disregarded the appellate court is without jurisdiction to enter-
tain the appeal.

Same—Effect of Addressing Notice of Appeal to Certain of Adverse
Parties.
4.  While section 9733, Revised Codes 1921, does not require that
a notice of appeal be addressed to an adverse party or adverse
parties, service only being required, where appellant does so
address it, the address affixed shows the intention of appellant to
give notice only to those addressed and the effect of the notice
is limited accordingly.

1.  See 2 Cal. Jur. 331.
2.  Parties entitled to notice of appeal, see notes in 13 **Ann. Cas.**
181; 21 Ann. Cas. 1277.  See, also, 2 Cal. Jur. 334; 2 R. C. L. 110.
3.  See 2 Cal. Jur. 310; 2 R. C. L. 100.
4.  See 2 Cal. Jur. 314.

Same.

5. Where there were a large number of defendants, some appearing and some not, a notice of appeal addressed to "the above-named defendants who have appeared herein and to their attorneys," *held* not so vague and incomplete as to be ineffective, since it advised those upon whom it was served that they were considered adverse parties, thus putting them into position to protect their rights, unless they could show that they were not all of the adverse parties entitled to notice, and on motion to dismiss the burden was upon them to so show.

Summons—Effect of Formal Appearance After Service of Summons to Plead Within Statutory Time.

6. A party defendant who, upon service of summons, enters his formal appearance but thereafter fails to plead within the time allowed by law stands in no different position than does one who, having been served with process, makes no appearance thereafter; and notice of appeal upon him is not required.

Appeal—Who are not "Adverse Parties."

7. Persons named in the complaint as defendants but not served with summons were not parties to the action and, therefore, were not adverse parties upon whom it was necessary to serve notice of appeal; no judgment could have been entered against them and therefore a reversal or modification of the judgment appealed from could not injuriously affect their rights, and failure to serve them with notice did not affect the jurisdiction of the appellate court.

Same—Banks and Banking—Stockholder's Liability—Notice of Appeal—Service on All Adverse Parties Irrespective of Expense.

8. Though the liability of stockholders in a state bank is by section 6036, Revised Codes 1921, as amended by Chapter 9, Laws of 1923, declared to be several, and not joint or joint and several, and an action may be maintained against each one separately, equity permits a joinder of all for convenience and to avoid a multiplicity of suits, and where they are joined, suing creditors appealing from a decision against them were required to serve all those who were adverse parties within the meaning of section 9733, Id., irrespective of trouble and expense incident to such service.

Default Judgment—Duty of Clerk to Enter—Statute Directory—Failure to have Default Entered is Implied Grant of Further Time to Make Appearance.

9. The provision of section 9322, subdivision 3, Revised Codes 1921, to the effect that the default of a defendant who fails to demur or answer within the time specified must be entered by the clerk is directory merely, and failure of plaintiff in such a case, to cause defendant's default to be entered is an implied grant of further time in which to make appearance.

Same.

10. Under the last rule above, *held* that where a number of stockholders of an insolvent bank defaulted in an action by creditors to recover on the statutory liability of the former, but plaintiffs did not have their default entered, and those defaulting were still in a position to demur or answer at the time the

7. See 2 Cal. Jur. 340.
9. See 14 Cal. Jur. 883.

complaint was dismissed,—still in the case,—they were adverse parties upon whom plaintiffs were required to serve their notice of appeal from the judgment of dismissal.

Appeal—Notice—Failure to Serve All Adverse Parties—When Interests of Those not Served may not be Deemed to have Been Entrusted to Those Served and Appearing.

11. Where the interests of nonappearing defendants, who, however, because of failure of plaintiffs to have their default entered, were still in the case (see par. 10 above) and adverse parties, but not served with notice of appeal from a judgment of dismissal of the action, were not identical with the interests of those upon whom service was made, the contention that the interests of the former should be considered as having been entrusted to those appearing, for defense on appeal, cannot be upheld.

[1] Appeal and Error, 3 C. J., sec. 29, p. 316, n. 43; sec. 1320, p. 1218, n. 9.   Statutes, 36 Cyc., p. 1123, n. 63.

[3] Appeal and Error, 3 C. J., sec. 1031, p. 1039, n. 2.

[4] Appeal and Error, 3 C. J., sec. 1324, p. 1224, n. 33, 34.

[5] Appeal and Error, 4 C. J., sec. 2425, p. 602, n. 32.

[6] Appeal and Error, 3 C. J., sec. 1320, p. 1219, n. 10.

[8] Appeal and Error, 3 C. J., sec. 1284, p. 1202, n. 62.   Banks and Banking, 7 C. J., sec. 112, p. 520, n. 51.

[9, 10] Appeal and Error, 3 C. J., sec. 1319, p. 1217, n. 5.   Judgments, 34 C. J., sec. 394, p. 179, n. 61.

[11] Appeal and Error, 3 C. J., sec. 1319, p. 1218, n. 6.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by Grace Mitchell and others against the Banking Corporation of Montana, Claude C. Gray, as receiver of the Banking Corporation of Montana, and others. Plaintiffs appeal from a judgment dismissing the action. Appeal dismissed without prejudice.

*Mr. Charles E. Pew,* for Appellants, submitted an original brief, a brief in reply and a brief on Respondents' motion to dismiss, and argued the cause orally.

*Mr. Geo. W. Pierson, Mr. H. A. Bollinger, Mr. Edward Horsky, Mr. John G. Skinner, Mr. E. C. Day, Mr. J. Miller Smith, Mr. Paul W. Smith, Mr. David R. Smith, Messrs. Walsh & Nagle, Messrs. Loble & Adair, Mr. S. C. Ford* and *Mr. S. P. Wilson,* for appearing Respondents, submitted an original and a supplemental brief; *Mr. J. A. Walsh, Mr. Hugh R. Adair,*

*Mr. Edward Horsky* and *Mr. E. C. Day* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

This is an appeal from a judgment dismissing plaintiffs' action upon the merits, entered after the court had sustained demurrers to the complaint and plaintiffs had refused to plead further.

The Banking Corporation, being then insolvent, failed to open for business on May 2, 1923, and thereafter Claude C. Gray was duly appointed its receiver and has since been steadily engaged in winding up its affairs.

On February 28, 1922, the stockholders of the institution passed a resolution purporting to reduce the capital stock of the corporation from $500,000, divided into 5,000 shares of the par value of $100 each, to $250,000, divided into 2,500 shares of the par value of $100 each.

During his administration Receiver Gray has enforced the statutory stockholders' liability on the basis of the reduced capital stock, and from this source and others has paid dividends amounting to fifteen per cent of the proved indebtedness of the institution. Plaintiffs made demand upon the receiver that he enforce an additional liability of the same amount upon the theory that the attempted reduction of the capital stock was abortive and void, and therefore each of the stockholders held double the number of shares on which liability had been enforced. The receiver refused to comply with the demand made upon him, and also refused to join in a suit for the purpose of enforcing such additional liability, and thereupon the plaintiffs secured an order of court permitting them to bring such an action and to join the receiver as a party defendant.

Action was commenced on February 27, 1925, on behalf of the plaintiffs and all creditors of the Banking Corporation

similarly situated. The complaint filed named all holders of certificates of stock on February 28, 1922, just prior to the passage of the resolution of reduction, as defendants, thus making over 400 individuals, firms and corporations defendants in the action, and on June 9, 1925, an amended complaint was filed. Service was secured upon approximately 300 defendants, leaving about 100 unserved. Of those served, many failed to appear, and, at the time judgment was entered, had made no appearance, but no defaults had been entered against them.

The only answer filed was that of the Banking Corporation and Receiver Gray, which answer is in the nature of an admission of the allegations of the complaint, a showing that all of the amount prayed for in the complaint will be necessary in order to make payment of a part of the indebtedness of the corporation, and that, under no circumstances, will the receiver be able to pay the creditors in full; it closes with the prayer that plaintiffs have judgment.

One defendant made formal appearance, but neither demurred to nor answered the complaint. Seventy-three demurrers, joined in by upward of 250 defendants, represented by forty-odd individuals and firms of attorneys, were filed and on presentation were sustained by the court. Plaintiffs were given twenty days in which to further plead, but refused to do so, and thereupon judgment was rendered dismissing the action in toto upon the merits.

On appealing from the judgment, plaintiffs entitled their notice of appeal as they did their complaint, thus naming all persons served and unserved and whether appearing or not, but they addressed it "to the above-named defendants who have appeared herein and to their attorneys," and, having filed the notice, served it only upon the attorneys for the appearing defendants. No default was then, nor has yet been, entered against any defendant served with process al-

though the statutory time for their appearance had expired prior to the entry of judgment.

The defendants served with the notice have moved to dismiss the appeal on the ground that this court is not vested with jurisdiction by reason of the following fatal defects and omissions in perfecting the appeal: (a) That the notice of appeal is addressed to but a part of the defendants; and (b) is thereby rendered vague, indefinite and incomplete in that it cannot be determined therefrom which defendants are made respondents, which were served with process and did not appear, and which ones were not served; (c) that the defendant who made formal appearance was not served with notice of appeal; (d) that all persons named as defendants and not served with process should have been served with notice of the appeal, and likewise (e) all persons served with process and who did not appear should have been served with notice of the appeal.

1. An appeal is authorized by statute only. (*Tuohy's Estate,*
[1]    23 Mont. 305, 58 Pac. 722.)    Section 9733, Revised Codes of 1921, declares that "an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice on the adverse party, or his attorney." The use of words in the singular include the plural (secs. 16 and 10713, Rev. Codes 1921); therefore section 9733 above must be considered in this matter as though it provided that the notice of appeal must be served upon each of the adverse parties, or on all adverse parties, and their attorneys.

2. An "adverse party," within the meaning of the statute,
[2]    is "a party to a judgment whose rights may be injuriously affected by its reversal or modification" (*T. C. Power & Bro.* v. *Murphy,* 26 Mont. 387, 68 Pac. 411), or "one who has an interest in opposing the object sought to be accomplished by

the appeal'' (*Spokane Ranch & Water Co.* v. *Beatty,* 37 Mont. 342, 96 Pac. 727, 97 Pac. 838).

3. The statutory provisions prescribing the mode of taking
[3] an appeal are mandatory and must be complied with or the appellate court acquires no jurisdiction of the matter. (*Creek* v. *Bozeman Water Works Co.,* 22 Mont. 327, 56 Pac. 362; *Hines* v. *Carl,* 22 Mont. 501, 57 Pac. 88; *Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866; *Featherman* v. *Granite County,* 28 Mont. 462, 72 Pac. 972.)

The objections raised by the motion to dismiss, therefore, go to the jurisdiction of this court to hear and determine the appeal, and, if any one of them is well taken, or, in other words, if it appears from the record that any of the mandatory provisions of the above statute have not been complied with, we have no alternative to a dismissal of the appeal. (*Millikin* v. *Houghton,* 75 Cal. 539, 17 Pac. 641; *Seibert* v. *First Nat. Bank,* 25 Okl. 778, 108 Pac. 628; *Berlin Machinery Works* v. *Bradford-Kennedy Co.,* 21 Idaho, 669, 123 Pac. 637.)

4. However, the above statute does not require that the
[4] notice be addressed to the adverse party, and the requirement that it be served upon a designated party does not require that it be addressed to such party (*Zahorka* v. *Geith,* 129 Wis. 498, 109 N. W. 552), and the omission of the address does not vitiate the notice (*Estate of Pendergast,* 143 Cal. 135, 76 Pac. 962; *Title Ins. & Trust Co.* v. *California Dev. Co.,* 171 Cal. 173, 152 Pac. 542; *Bloom* v. *Sioux City,* 148 Iowa, 452, 126 N. W. 909; *Freel* v. *Pietzsch,* 22 N. D. 113, 132 N. W. 779). However, it is held that, although no address is required, if the appellant sees fit to address the notice of appeal, the address affixed shows the intention of the party to give notice only to those parties to whom the notice is addressed and the effect of the notice is limited accordingly. (*Estate of Pendergast,* above.)

Here the record discloses that the notice was served only upon those parties to whom it is addressed, that is, to those

who appeared in the action, but without naming the parties or their attorneys.

5. This method of addressing the notice is attacked as [5] rendering the notice too vague and incomplete to be effective. There is no merit in this contention; the notice sufficiently advised those parties upon whom it was served that they were considered adverse parties and advised them of the appeal from the judgment, thus putting them in a position to protect their rights. (*Valadon* v. *Lohman*, 46 Mont. 144, 127 Pac. 88; *Krause* v. *Insurance Co.*, 73 Mont. 169, 235 Pac. 406.) "We are forbidden to idolize matters of form at the expense of substance, or to pay tithes of mint and anise and cumin while omitting the weightier matters of law." (*Stephens* v. *Conley*, 48 Mont. 352, Ann. Cas. 1915D, 958, 138 Pac. 189.)

The notice of appeal is sufficient to confer jurisdiction upon this court unless the movants have established that those defendants upon whom it was served were not all of the adverse parties entitled to notice, the burden being upon them to do so. (*Potrero Nuevo Land Co.* v. *All Persons*, 155 Cal. 371, 101 Pac. 12.)

6. As to the defendant who entered her formal appearance [6] and then failed to plead within the time allowed by law, she stands in no different position than do those defendants who, having been served with process, made no appearance within the time allowed them by statute. (*Marlowe* v. *Missoula Gas Co.*, 68 Mont. 372, 219 Pac. 1111.) Her position will be considered later with that of those defendants in like position.

7. Those persons, firms and corporations named in the [7] complaint as defendants, but on whom no service was obtained, were not, in fact, parties to the action, and therefore could not be adverse parties to the appeal. Parties to an action are those who are named as such in the record and who are properly served with process or who enter their appearance in the action. (20 R. C. L. 662.) No judgment could have

been entered against the defendants not served, and no judgment entered in the cause could affect either their rights or their liabilities.    (*Orthwein* v. *Thomas,* 127 Ill. 554, 11 Am. St. Rep. 159, 4 L. R. A. 434, 21 N. E. 430; *Munger* v. *Beard,* 79 Neb. 764, 126 Am. St. Rep. 688, 113 N. W. 214.)

The dismissal of plaintiffs' action as to such parties to it could not bar an action instituted by these or other creditors of the defunct banking corporation any more than it is a bar to future action by creditors of another insolvent bank against its stockholders, and the reversal or modification of the present judgment cannot, therefore, injuriously affect the rights of such persons, as they were not in jeopardy.    The failure to serve notice of appeal upon them does not affect the jurisdiction of this court.    (*Essency* v. *Essency,* 10 Wash. 375, 38 Pac. 1130; *Keller* v. *Boatman,* 49 Ind. 101; *Riley* v. *Blacker,* 51 Mont. 364, 152 Pac. 758; *Anderson* v. *Red Metal Min. Co.,* 36 Mont. 312, 93 Pac. 44.)

8. There remains for consideration only the omission to [8] serve the notice of appeal upon those defendants who were duly served with process, or who voluntarily appeared, and did not either demur or answer to the complaint, but against whom no default was entered.    In order to determine whether such parties to the action were "adverse parties" to the appeal, we must first determine the situation of those parties in the cause and the position of the plaintiffs with reference to them.

Plaintiffs' complaint is based upon that portion of section 6036, Revised Codes of 1921, as amended by Chapter 9, Session Laws of 1923, which reads: "The stockholders of every bank shall be liable severally and individually, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

By the expressions employed the legislature emphatically declared that the liability thus created against stockholders of a bank was separate, several and distinct as to each thereof, each being separately liable for a cross-section of the debts of the bank equal to the par value of the stock he held in the institution.   The stockholders are neither jointly, nor jointly and severally, liable, but severally only.   Each stockholder could have been sued for his ratable proportion of the debts of the bank without regard to the liability of any other stockholder, and no one of the stockholders is a necessary party to a complete determination of the question involved in an action between the creditors of the bank and any other stockholder.

Thus the plaintiffs could have brought a separate action against each of the stockholders, and, in actions at law, they would probably be required to do so, but in equity where the plaintiff claims one general right and the rights or liabilities of the defendants are separate and distinct, there may be a joinder of parties defendant.   (*Dimmock* v. *Bixby*, 20 Pick. (Mass.) 377.)   Under the above statute it is held in this state that, for the purpose of convenience, the avoidance of a multiplicity of suits and the saving of expense to litigants, the action to enforce stockholders' liability may be commenced against all of the stockholders jointly on the equity side of the court, and the court will take jurisdiction, thereafter accommodating the practice to the situation developed, and will protect the divergent interests of the several defendants by segregation and the granting of separate trials, if need be, to permit the interposition of special and peculiar defenses. (*Barth* v. *Pock*, 51 Mont. 418, 155 Pac. 282; *Springhorn* v. *Dirks*, 72 Mont. 121, 231 Pac. 912.)   This holding is in accord with the decision in *Fellows* v. *Fellows*, 4 Cow. (N. Y.) 682, 15 Am. Dec. 412, that where a debtor conveys different portions of his property to several persons in fraud of his creditors, a creditor who places himself in a position to attack the

conveyances may join all the grantees in one equitable action, although the liability of one is not in any manner dependent upon that of another. But where the creditors thus avail themselves of the opportunity to evade a multiplicity of suits and to save the expense incident thereto, which, in this case, would have been enormous and prohibitive, they must observe the rules of practice and procedure applicable to all actions alike, and must do whatever is necessary to constitute due process of law as to each of the persons thus brought before the court.

Counsel for plaintiffs complains of the trouble and expense incident to the service of notice upon all those defendants who did not plead to the complaint, and who, he asserts, are "out of the case" by reason of their default, citing certain language used in *Marlowe* v. *Missoula Gas Co.*, above. Counsel cannot be excused from proceeding in the regular manner as to each party he has brought into the case, if they are indeed adverse parties to the appeal, because of the amount of trouble and expense incident to the proceeding.

Let us then see whether this group of defendants are "out [9, 10] of the case." They did not, it is true, appear and answer within the time mentioned in the summons or secure additional time by order of court or stipulation, and, at any time after the expiration of the statutory time, the plaintiffs might have secured a default judgment against them by following the procedure prescribed in section 9322, Revised Codes of 1921, and thus have effected a severance of the separate causes of action theretofore united. (*Bellinger* v. *Barnes*, 221 Ill. 240, 77 N. E. 421; see, also, *Jenkins* v. *Carroll*, 42 Mont. 302, 112 Pac. 1064; *Great Falls Nat. Bank* v. *Young*, 67 Mont. 328, 215 Pac. 651.) Had this been done, such defendants would not have been "adverse parties" to the appeal, as their liabilities were separate and distinct, and the rights which they have in the action would have been foreclosed, so that no rights of theirs could have been injuriously affected by a reversal or

modification of the judgment thereafter rendered in favor of the remaining defendants. In this respect the case at bar differs from that of *T. C. Power & Bro.* v. *Murphy et al.*, above, wherein a defaulting defendant in a foreclosure proceeding was held to be an adverse party to appealing defendants seeking to reverse a judgment holding that their alleged liens were not superior to the mortgage, as in the case a reversal of the judgment would have rendered the defaulting debtor liable for the judgment without subjecting his property to the satisfaction thereof.

9. However, the provision of subdivision 2 of section 9322 above, to the effect that the clerk of the court must enter the default of defendants who fail to demur or answer within the time specified, in certain classes of cases, is but directory, and the failure of plaintiff in any such case to cause the default of a defendant to be entered is an implied grant of further time in which to appear. (*Edenfield* v. *Seal Co.*, 74 Mont. 509, 241 Pac. 227.)

When, therefore, judgment was entered dismissing plaintiffs' action, the defendants now under consideration were in no different situation than if that action had been taken within twenty days after the service of process upon them; they were still in a position to either demur or to answer the complaint.

10. Again, counsel for plaintiffs contends that the nonappear-
[11] ing defendants should be held to have entrusted their defense to the appearing defendants, and therefore to be represented on appeal by those upon whom the notice was served, citing *In re McGovern's Estate*, 77 Mont. 182, 250 Pac. 812. In that case, however, the appellants were devisees appealing from an order affecting the rights of all devisees; and what is there said as to nonappealing devisees being represented by those appealing is based upon the statement that the record discloses that "the statutory rights of those others will not be injuriously affected by a reversal of the order appealed from, but that, in fact, their rights can

only be protected and secured by a reversal of that order. They were not therefore 'adverse' parties on whom it was requisite that notice of appeal be served.'' There the interests of those not served were identical with those of the parties appealing; here the situation is reversed.

11. While these defendants were still in a position to contest the claims of the plaintiffs, the court dismissed the action against them by reason of the fact that it held that the complaint did not state a cause of action against any defendant named.

Counsel for plaintiff asserts that he was only opposing the argument of counsel for certain of the defendants who had interposed demurrers, and had not sought judgment against any defendant, but, if the complaint was bad as to one, it was bad as to all, and counsel knew that if he failed to maintain his position in argument on the demurrers, the result would be the same as to all defendants in the case.

The result is that, as to the defendants now under consideration, the action has been dismissed, and if on appeal the judgment is reversed or modified to permit another action, these defendants are deprived of the benefit of the dismissal in the same manner as are those defendants who were served with process; they will be subjected to the expense of trial if they appear in the case and to the hazard of a judgment against them; if they do not appear they will be subjected to a default judgment for the full amount claimed against them, while if the judgment is not disturbed they are exonerated from any liability. It is therefore clear that they are ''adverse'' parties to the appeal as fully as are those served with process, or as was the defaulting defendant in the case of T. C. Power & Bro., above. As this latter class of defendants were not served with notice of appeal, this court is without jurisdiction to review the action of the trial court in sustaining the demurrers and in entering the judgment from which plaintiffs have attempted to appeal.

The appeal is dismissed without prejudice. Remittitur forthwith.

*Dismissed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MYERS, STARK and GALEN concur.